of way, paramount to that of defendant, is granted him by law.

Judgment affirmed.

PROVOSTY, J., dissents.

---

(48 South. 134.)

No. 17,182.

LEE v. POWELL BROS. & SANDERS CO., Limited, et al.

(Jan. 4, 1909.)

1. CORPORATIONS (§ 560*) — RECEIVERS — ACTIONS AGAINST—LIABILITY.

Where two co-receivers were sued by one of their employés for damages for personal injuries, and thereafter the corporation was substituted as sole defendant, and later the court retook the property and reappointed as receiver one of the original co-receivers, who qualified by giving bond, and was made a party defendant in his new capacity, *held*, that the original co-receivers having been eliminated from the suit, and not having again been made parties, no judgment can be rendered against them in the same action on the theory that their discharge was conditioned on the payment of all the debts of the receivership by the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2259; Dec. Dig. § 560.*]

2. APPEAL AND ERROR (§ 879*)—PARTIES ENTITLED TO ALLEGE ERROR — PARTIES NOT APPEALING.

Defendants who do not appeal cannot avail themselves of an appeal taken by a codefendant. A judgment cannot be amended or reversed as between appellees.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3582; Dec. Dig. § 879.*]

(Syllabus by the Court.)

Appeal from Twelfth Judicial District Court, Parish of Vernon; John Bachman Lee, Judge.

Action by Nathaniel E. Lee against T. C. Wingate and the Interstate Trust & Banking Company, co-receivers of Powell Bros. & Sanders Company, Limited, and others. Judgment for plaintiff, and the co-receivers appeal. Reversed as to the co-receivers, and in other respects affirmed.

White & Thornton & Holloman (T. M. & J. D. Miller, of counsel), for appellants. Edgar Williamson Sutherlin and William Burke Williamson, for appellee.

LAND, J. This is a suit for damages for personal injuries originally instituted against J. C. Wingate and the Interstate Trust & Banking Company, co-receivers of Powell Bros. & Sanders Company, Limited, a corporation engaged in the sawmill business. After the appointment of said co-receivers, they by order of the court, continued the operation of the plant, and the plaintiff was by them employed as a stationary engineer in the sawmill of the company. While thus employed, the plaintiff was badly injured and crippled for life by the sudden and unexpected movement of the log carriage, alleged to have been occasioned by defective machinery and appliances and the negligence of the sawyer in operating a lever.

Plaintiff prayed for judgment against the co-receivers for the sum of $20,000, with interest from judicial demand and costs.

The co-receivers answered, pleading the general issue, contributory negligence, and the assumption of risks.

Later, the company filed a petition representing that the court had entered a decree discharging the co-receivers and restoring its property to the company, and requiring it to make itself a party to the suit in the place of the co-receivers, and praying that the company might be so substituted as defendant. The court so ordered.

Thereupon the plaintiff filed a lengthy supplemental petition representing substantially that the co-receivers had been discharged from their trust by a decree of certain date restoring the property to the company on certain terms and conditions, including an assumpsit in writing of the liability of the co-receivers to the plaintiff as alleged in his original petition, and an undertaking on the part of the company to make itself party defendant to the suit; that the company had executed the written assumpsit, and had made appearance and been substituted as defendant in the place and stead of the co-re-

ceivers pursuant to said decree; and that the company was represented by W. H. Powell, as president, on whom citation and other legal process should be served.

In the same petition the plaintiff amended his original petition in many particulars, and prayed that the company be cited, and for judgment against it for the sum of $20,000, with interest and costs as prayed for in the original petition. The company was duly cited through its president, and filed its answer.

Plaintiff, after the lapse of more than one year, filed another supplemental petition, reciting, in substance, that the original co-receivers had been discharged from their trust by decree of date December 20, 1906, and that under its requirements the company had made itself a party defendant in the suit, and filed its appearance therein, and had assumed to pay all the lawful debts and obligations contracted or created by said co-receivers, including the debt due to the plaintiff, and had given bond for the payment of the same; that, under the terms of said decree, the court reserved the right to retake the property of the company and place the same in the hands of its receiver or receivers, in case the company should fail to pay said debts and obligations within six months after the date of the decree; that the company failed to make such payments, and the court in consequence had retaken possession of said property and reappointed Thomas C. Wingate as receiver, and that the said receiver was in possession of the property of said company under his said reappointment, and should be made a party to the suit as co-defendant with the company, and that said receiver and said company were liable in solido for the demands set up in the plaintiff's original and supplemental petitions.

Plaintiff prayed for the citation of Wingate as receiver under his reappointment, and for the citation of the company, and for judgment in solido against them for the sum,

122 LA.—21

interest, and costs originally claimed of the co-receivers.

The co-receivers appeared in the suit, and filed an exception of no cause of action, based on the ground of their discharge and the substitution of the company as defendant. In this exception it was averred that the dismissal of the suit as to the Interstate Trust & Banking Company operated a release of the other "co-tort feasor," meaning Thos. C. Wingate. Wherefore "the defendants, the said co-receivers," prayed that the suit be dismissed as "to them." This exception was overruled by the court.

Then the co-receivers, reserving the benefit of their exception of no cause of action, for supplemental answer to plaintiff's petition, denied generally and specially all the allegations therein contained, and pleaded contributory negligence, and that the plaintiff was a fellow servant of the sawyer and other employés engaged in the work, and assumed the risk of their negligence.

The company and Wingate, receiver, pleaded the general issue, admitting, however, that the plaintiff had been once in the employ of the co-receivers. For further answer these defendants pleaded in bar contributory negligence and assumption of risk on the part of the plaintiff, and adopted the answer and amended answer of the co-receivers.

The co-receivers on the trial of the case objected to the introduction of evidence, on the ground that they had been eliminated from the suit and no judgment could be rendered against them under the pleadings. This objection was overruled, and the co-receivers excepted.

The case was tried before a jury, which rendered a verdict in favor of the plaintiff for $15,000, and judgment was rendered in solido against the co-receivers, the company, and T. C. Wingate, receiver. The co-receivers have alone prosecuted their appeal from the judgment.

The first question to be considered and de-

termined arises on the exception of no cause of action filed by the co-receivers.

This exception should have been sustained.

This exception seems to have been founded under the well-grounded apprehension that the plaintiff would attempt to recover judgment against the co-receivers notwithstanding their discharge and the substitution of the company as defendant. The co-receivers appeared only for the purposes of the exception, and were forced by the action of the court to defend the suit.

The substitution of the company as defendant necessarily eliminated the co-receivers from the suit. Thereafter the proceedings were had against the company alone, and when T. C. Wingate was reappointed receiver he was made a party as sole receiver by virtue of his reappointment. The contention that the co-receivers were only conditionally discharged, and that, as the conditions were never fulfilled, the court retained jurisdiction of the case and all the property and assets under the original receivership, might have been, but was not, raised by supplemental pleadings contradictorily with the co-receivers. The case as it stands on the pleadings presents the extraordinary feature of a judgment against persons not parties to the suit.

The question of the priority of plaintiff's claim as one arising under the co-receivership is not an issue in this suit, and its discussion is premature. Whatever rights of priority the plaintiff may have over ordinary creditors of the company are reserved, as a matter of course.

The other defendants did not prosecute their appeals, and cannot avail themselves of the appeal taken by the co-receivers. A judgment cannot be amended or reversed as between appellees. Jaffray v. Moss, 41 La. Ann. 548, 6 South. 520; Berthelot v. Fitch, 44 La. Ann. 503, 10 South. 867; Hottinger v. Hottinger, 49 La. Ann. 1635, 22 South.

847; Succession of Trouilly, 52 La. Ann. 281, 26 South. 851; Schwartz v. Rosetta, etc., Co., 110 La. Ann. 625, 34 South. 709; In re Interstate Land Co., 118 La. Ann. 591, 43 South. 173.

It is therefore ordered that the judgment appealed from be annulled, avoided, and reversed as to T. C. Wingate and the Interstate Trust & Banking Company, co-receivers, and that said judgment be affirmed in all other respects; the plaintiff to pay the costs of this appeal.