ROGERS, J.
 

 The issues in this case are similar to those in the case of Silver v. Harriss, No. 28442,115 So. 376,
 
 [1]
 
 of our docket, decided this day. The eoncursus provoked herein is for the adjustment of the unpaid claims on a contract between, the competent authorities and the defendant Harriss for the construction of that portion of the Winnsboro-Yidalia highway known as project No. 371. The other case involved the portion of the Winnsboro-Rayviile highway known as project No. 352.
 

 Upon the default of the contractor, the surety company completed the work. The claim of plaintiff as subcontractor remaining unpaid, he brought this suit in which all interested parties were impleaded. Issue was joined by said parties, and, in due course, the court below rendered judgment against the contractor and his surety, in solido, in favor of plaintiff for $8,380.98; in favor oJ. A. Givens for $28.80, in favor of H. W. Townsend for $115.75, and in favor of F. R. Wilson for $119, with the right to participate pro rata in the fund deposited in court by the state highway commission, subject to the credit of the pro i-ata of funds distributed, and limiting the liability of the surety company to the amount of the bond. The judgment on the other claims was one of nonsuit.
 

 This appeal is by the surety company and the following claimants, viz.: Standard Oil Company, Winnsboro Grocery Company, T. L. Gillis, H. A. Hill, and F. R. Wilson.
 

 For the reasons set forth in the case No. 28442, referred to supra, plaintiff’s claim is protected by the contractor’s bond, and he is entitled to recourse on the bond. But, in his answer to the appeal, plaintiff is claiming something more than this. His contention is that the surety company, upon the contractor’s default took over and completed the work as the principal. There is no admission nor proof in the record that such is a- fact. As we view it, the surety company merely ún
 
 *97
 
 dertook to complete the work, not as the principal, but as the agent, or for the account of the contractor. In so far, therefore, as the claim of plaintiff is for work done prior to the contractor’s default, the judgment limiting the liability of the surety company to the amount of the bond is correct. But the evidence shows, as we appreciate it, that at least $2,037.60 of plaintiff’s claim represents the percentage retained out of the amount due by the company to him for work done for its account after it undertook to complete the contract. We think the company should be held liable in full for this amount.
 

 Plaintiff also prays for an amendment of the judgment so as to award him the attorneys’ fees demanded in his petition. Our conclusion is that he is not entitled to this relief. Section 8 of Act 224 of 1918, under which the claim is asserted, requires as a condition precedent for a recovery thereon that an amicable demand should have been made on ¿he principal and surety more than 30 days prior to the institution of the suit. No such demand was made. The service upon the principal and the surety of copies or duplicates of the sworn statement prepared for filing with the authorities for whom the work was done and for recordation in the mortgage records of the parish in accordance with other sections of the statute is not the amicable demand required.
 

 Appellant has not shown wherein the court below erred in recognizing the privilege and priority of the claims of J. A. Givens and H. W. Townsend. We do not find any error in the judgment in this respect.
 

 Appellant admits that the claim of F. R. Wilson was properly allowed. Wilson is also an appellant, but has made no appearance in this court for the purpose of pointing out the-errors of which he complains in the judgment appealed from.
 

 The claims of the appellants Standard Oil •Company, Winnsboro Grocery Company, T. D. Gillis, and H. W. Bill admittedly present the same state of facts and are governed by the same legal principles as their claims in case No. 28442, involving project No. 352, referred to supra. For the reasons therein assigned, our conclusion is that the judgment of the court below in this case is correct as to the claims of these appellants.
 

 We are unable to pass upon the claims of the Langford Motor Company, Greenwald Hardware Company, J. B. Cordill, and C. E. Folk. The judgment below nonsuited these claimants, and they have not appealed therefrom.
 

 For the reasons assigned, the judgment appealed from is amended so as to permit the recovery by plaintiff of the sum of $2,037.60, with interest as set forth therein, of the $8,-380.98 awarded him in said judgment against the contractor and surety company, in solido, irrespective of the limit of liability of the said company on its bond, subject to a credit of the amount of its pro rata of the funds distributed. In all other respects, the judgment appealed from is affirmed, at the cost of the appellant surety company.
 

 THOMPSON, J., recused.
 

 [1]
 

 Ante, p. 83.