(133 So. 438)

LONG BELL LUMBER CO. et al. v. S. D. CARR CONST. CO. et al.

No. 27597.

March 2, 1931.

Rehearing Denied March 30, 1931.

Spearing, McConnell & McClendon, of New Orleans, for appellant.

Hardin, Hardin & Cavanaugh and Woosley & Cavanaugh, all of Leesville, for appellees Shehee-Jones Furniture & Hardware Co., Inc., J. L. Gamblin, C. E. Cargill and Willie McDaniel.

ROGERS, J.

This is a concursus proceeding instituted under the provisions of Act No. 224 of 1918. The contracts and the bonds involved embraced four graveled highways radiating from the town of Leesville in Vernon parish. The contractor was the S. D. Carr Construction Company, a partnership, and the contractor's surety was the United States Fidelity & Guaranty Company. The case was tried in the court below on an agreed statement of facts, and resulted in a judgment in favor of all the claimants against the contractor and its surety. From this judgment the contractor's surety appealed.

Appellant complains of the judgment against it on the following claims, to wit: Shehee-Jones Furniture & Hardware Company, Inc., on subcontracts with J. A. Enloe and J. L. Gamblin, $758.35; C. E. Cargill, on a contract with the Carr Construction Company and on a subcontract with D. E. George, $873.85; J. L. Gamblin, $686.96; Llano Del Rio Company, $148. Appellant concedes the correctness of the judgment in favor of Willie McDaniels for $24.60, with interest, but disputes the correctness of the allowance of 10 per cent. attorneys' fees thereon.

The contract and bond under review herein were entered into prior to the adoption of any of the amendments to Act No. 224 of 1918.

■ Appellant contends that the claim of J. L. Gamblin for $686.96 was not proved, and that the court below erred in awarding judgment thereon. But on the trial of the case no objection was made to this claim nor to the claim of Willie McDaniels for $24.60. Both claims were admitted to be correct. Hence appellant's contention is not well founded.

The claim of the Shehee-Jones Furniture & Hardware Company, Inc., embraces the accounts of two subcontractors, H. A. Enloe and J. L. Gamblin. These accounts are for dynamite, fuses, and caps furnished the subcontractors. The claim is contested by the surety company on the ground that the material in question did not actually enter into the construction of the highways. In support of its contention, appellant relies on the cases of Red River Construction Co. v. Pierce Petroleum Corporation, 165 La. 565, 115 So. 752 and State v. Smith, 167 La. 301, 119 So. 56.

But neither of the cited cases is, in our opinion, parallel to the one at bar. In Red River Construction Co. v. Pierce Petroleum Corporation, this court held that a furnisher of oil and gasoline to a subcontractor for use in trucks and tractors engaged in hauling and spreading material on the roadway had no right of action on the contractor's bond, since the oil and gasoline in question did not enter into the construction of the highway. This was on the theory that the gasoline was not material actually used in the work, but was material which merely contributed to the work. And in State v. Smith this court held that hardware, consisting of spikes, plates, etc., used in building a railroad to haul material for the construction of the high-

way, was not material that actually entered into such construction, but was material used only to supply or repair certain equipment used by the contractor in the prosecution of the work.

In the case at bar, we find that the contracts between the parties expressly provide (par. 70, p. 19) for the clearing of the ground within the limits of the highways of "all dead trees, stumps, brush, weeds, roots and other objectionable material"; and in the performance of that work impliedly, if not expressly, authorize the use of explosives (par. 42, p. 11) by stipulating that: "When the use of explosives is necessary for the prosecution of the work, the contractor shall use the utmost care, so as not to endanger life or property, and whenever directed, the number and size of the charges shall be reduced," etc. The dynamite, fuses, and caps furnished by the claimant were used by the subcontractors, in accordance with the obligation imposed upon the contractor by his contract, in clearing the ground within the limits of the roadways of all stumps preparatory to the starting of grading operations. The use of the dynamite was dictated by the necessities of the case, and the consumption of the explosive was the only way in which it could be used, enabling the contractor to construct the contemplated highways in accordance with the terms of the contracts.

■ In these circumstances, it will not do to say that the use of the dynamite, fuses, and caps, although they were consumed in the prosecution of the work, and are therefore invisible except as they endure in tangible results, does not give the furnisher thereof a right of action on the contractor's bond under the statute. We think the claim was properly allowed against the appellant.

The claim of C. E. Cargill embraces two accounts, one under a subcontract with D. E.

George for $753.85, and the other under a contract with the S. D. Carr Construction Company. Each account represents an amount due for the hiring of teams.

■ The items embraced in the claim are not for material that became incorporated as a part of the highways; hence the claim must be rejected under our ruling in Red River Construction Co. v. Pierce Petroleum Corp., supra; State v. Smith, supra; Colonial Creosoting Co. v. Perry, 169 La. 90, 124 So. 182.

But the claimant contends that the bond executed by the appellant surety company is broader in its terms than those required by the statute. The bond provides, among other things, that the surety company will pay, if the contractor does not, "all bills for materials and labor entered into in the construction of said work or used in the course of the performance of the work."

The engagement of the contractor's surety to pay for material and labor "used in the course of the performance of the work" is, admittedly, more comprehensive than the requirement of the statute.

· The claimant argues that, whatever may be the inhibition imposed by the legislative act on the public body executing the contract and bond, there is no inhibition against the incurring by the contractor's surety of a liability beyond that fixed by the statute. In support of his argument, claimant cites certain decisions from other jurisdictions.

■■ But we see no reason for departing from the well-established rule of our own jurisprudence that in a statutory bond the statute must be read into the instrument; superadded stipulations must be disregarded and necessary obligations which have been omitted must be supplied. John H. Murphy Iron Works v. United States F. & G. Co., 169

La. 163, 124 So. 768; Minden Presbyterian Church v. Lambert, 167 La. 719, 120 So. 61; Miller v. Bonner, 163 La. 342, 111 So. 776; Davis v. West Louisiana Bank, 155 La. 245, 99 So. 207; Id., 155 La. 252, 99 So. 210.

It may be true, as argued by the claimant, that the surety company in the bond under review voluntarily assumed an obligation that is broader than that required by the statute. But the argument that the surety company could voluntarily exceed its statutory obligations, although the public body dealing with the surety company could not, does not appeal to us as sound. If one party to the contract cannot either limit or enlarge its statutory liability, the other party to the contract, in all fairness, ought not be permitted to do so.

Although the bond in question here may admit of a broader construction, the liability of the parties thereto must be confined to the measure of liability contemplated by the statute under the provisions of which the bond was executed. Hence, this claim was improperly allowed by the court below.

■ The claim of the Llano Del Rio Company consists of two items—one for $90 representing the price of certain railroad crossties, and the other for $58.02, representing the expense for the labor performed by trackmen of the Kansas City Southern Railway Company in repairing a spur track of the railroad company, in order to facilitate the handling of supplies and materials for the highways. As claimant's account is not for work done or material furnished that went directly into the highways, claimant has no right of action on the contractor's bond. John H. Murphy Iron Works v. United States F. & G. Co., supra; Red River Construction Co. v. Pierce Petroleum Corporation, supra; Colonial Creosoting Co. v. Perry, supra.

Appellant also complains of the award by the court below of attorneys' fees to all the claimants, except the Llano Del Rio Company, which made no claim therefor.

██ Section 8 of Act 224 of 1918 grants the right to attorneys' fees if the full amount of the claim asserted is recovered, with the proviso that amicable demand for payment without avail shall first be made on the contractor and his surety thirty days prior to judicial demand. This statutory grant is in the nature of a penalty, which should not be imposed unless the beneficiary thereof has literally complied with the statutory requirement. State v. Miller, 169 La. 914, 126 So. 422; Silver v. Harriss, 165 La. 97, 115 So. 380. There is no proof in the record that the claimants gave the notice required by the legislative act. Hence, the attorneys' fees awarded the claimants herein by the court below must be rejected.

For the reasons assigned, the judgment appealed from is annulled so far as it is in favor of C. E. Cargill for $873.85 and Llano Del Rio Company for $148.12 against the United States Fidelity & Guaranty Company, surety on the contractor's bond, and said claims are now ordered rejected as to said surety company at the claimant's cost. It is further ordered that the judgment appealed from be annulled so far as it awards 10 per cent. attorneys' fees against the United States Fidelity & Guaranty Company, surety on the contractor's bond, on the claims of Shehee-Jones Furniture Company, J. L. Gamblin, and Willie McDaniels, and said claims for attorneys' fees are now ordered rejected. It is further ordered that in all other respects the judgment appealed from be affirmed. All the appellees, with the exception of Willie McDaniels, are to pay the costs of the appeal.

O'NIELL, C. J., dissents from the ruling allowing a lien for the price of the dynamite used in the work, and dissents from the proposition that the surety on the contractor's bond cannot voluntarily make his obligation more onerous than the statute requires.

OVERTON, J., dissents only on allowance of claim for dynamite.

ST. PAUL, J., agrees with OVERTON, J.

BRUNOT, J., dissents only upon the denial of the sureties' freedom of contract.