## A. L. MAYS & SONS v. RICKERSON et al.
### No. 1013.

Court of Appeal of Louisiana. First Circuit.
June 8, 1932.

Cline, Plauche & Girod, of Lake Charles, for appellant.

McCoy & Moss, of Lake Charles, for appellees.

MOUTON, J.

The Louisiana highway commission entered into a contract with the Laurence Construction Company of Mississippi to build a paved highway near Vinton, parish of Calcasieu.

The usual statutory bond was furnished in favor of the state by the Laurence Construction Company with the Union Indemnity Company as surety.

George W. Rickerson agreed, as subcontractor of the Laurence Construction Company, to do the dirt work on said highway project.

A. L. Mays & Sons, plaintiff, allege that it made a verbal contract with Rickerson, subcontractor, by which plaintiff agreed to furnish him, for the construction of the work, certain *dirt-moving "units" at stipulated prices per hour.

Plaintiff, in its original petition, claimed $929.40 for work and labor performed on the project, and $38 for feed to teams engaged in the construction of the dirt work, totaling $967.65, for which it asked judgment in solido against George W. Rickerson and the Union Indemnity Company.

In the alternative, in a supplemental petition, judgment is demanded for $705.56.

Judgment was rendered below for $38.25, for feed to the teams; against the Union Indemnity Company and Rickerson, in solido.

The Union Indemnity Company admits the correctness of the judgment for that amount.

Judgment was also rendered against Rickerson for $929.40, balance claimed against him but from which he does not appeal.

Plaintiff appeals, claiming it should have recovered the whole amount demanded against the Union Indemnity Company; having been denied that relief, plaintiff appeals.

In their brief learned counsel for plaintiff say, and correctly, that the sole issue presented, is as to whether the agreement between plaintiff and Rickerson was in the nature of a subcontract which would come under the terms of the bond, or a mere hiring of teams, etc.

The usual obligation of the subcontractor is to do the work of the contractor or part of it as specified in his contract.

There was no such agreement in this case between Rickerson and the plaintiff.

Mr. Mays, testifying for plaintiff company, says they were not employed for any specific number of hours or days; that they worked as long as Rickerson wanted them on the job, and which they were at liberty to quit whenever they desired.

Testifying in the case, Rickerson said that under his employment plaintiff company was to furnish the driver and teams for $6 a day, and that he was to pay all extra men. He also said that plaintiff had the right to quit at any time and had actually quit when "he got ready."

The district judge found that under its agreement, plaintiff was under no obligation "to do any particular or definite part of the work Rickerson obligated himself to do, but

merely leased his teams and equipment to Rickerson."

As we read the evidence the district judge was fully justified in reaching that conclusion.

In the case of Colonial Creosoting Company v. Perry et al., 169 La. 90, 124 So. 182, W. L. Houlton had rented to a contractor or subcontractor an outfit mixer, tents, and tools used in the construction of a bridge. The court held that the surety on the contractor's bond was not obligated thereunder to pay for such rental.

In the case of Long Bell Lumber Company et al. v. S. D. Carr Construction Company et al., 172 La. 182, 133 So. 438, where two accounts for the hiring of teams were urged against a subcontractor and the Carr Construction Company, the court held the claim not recoverable against a surety on a highway contractor's bond.

The lower court, grounding its opinion on the foregoing cited decisions, held that plaintiff was not entitled to recover the amount claimed against the Union Indemnity Company on its bond, with the exception of $38, admitted to be due, and in which we find no error.

Affirmed.