On Rehearing
 

 HIGGINS, Justice.
 

 This is an action by a surety company against its alleged co-surety to.recover one-half of the amount of the judgment paid by the plaintiff to the dative tutor of the minors and also one-half of the expenses incurred in defending the suit entitled
 
 *845
 
 Pecastaing v. Globe Indemnity Company, 176 La. 31, 145 So. 259.
 

 The defense is that the bonds furnished were not to secure the same debt nor were the plaintiff and the defendant the sureties for the same debtor — the bond furnished by the plaintiff securing an adjudication liability and the bond given by the defendant securing an administration liability.
 

 There was judgment in favor of the defendant dismissing the suit and the plaintiff appealed. The majority opinion of this Court overruled the judgment of the district court and rendered judgment in favor of the plaintiff as prayed for. The defendant’s application for a rehearing was granted.
 

 The record shows that Cyrille Pecastaing qualified as the natural tutor of his minor children and furnished in lieu of the general legal minors’ mortgage a natural tutor’s administration bond as authorized by the provisions of Act 223 of 1920, as amended by Act 68 of 1924, Act 106 of 1924 and Act 283 of 1926. This bond was signed by the defendant surety company. Thereafter Cyrille Pecastaing, as surviving parent and co-owner, petitioned the court to have the undivided one-half interest of his minor children in the community property adjudicated and conveyed to him under Article 343 of the Revised Civil Code. Judgment was rendered ordering the adjudication for the price of $6,000 and it was further decreed that the property remain specially mortgaged for the payment of the adjudication price, with interest, and granting unto Cyrille Pecastaing the option of having this special mortgage cancelled, upon executing a bond in lieu thereof. On the application of Cyrille Pecastaing, the court ordered and approved the substitution of a $10,000 bond, in lieu of the special mortgage, and ordered the cancellation of the special mortgage resulting from the adjudication of the property. This bond was signed by the plaintiff, the Globe Indemnity Company of New York, as surety.
 

 Later, the natural tutor was dismissed for unfaithfulness of administration and was also adjudged a bankrupt. The removed natural tutor by order of court filed his final account showing an indebtedness to his minor children of $6,000, the adjudication price to him of their undivided one-half interest in the community property inherited by them from their mother. The account was homologated. The dative tutor then filed a suit against the Globe Company, alleging that the natural tutor, as principal, with the Globe Indemnity • Company, as surety, had furnished a $10,000 bond to secure the unpaid purchase price of the property, and that, as he was insolvent, the surety was liable. There was judgment in favor of the dative tutor of the minors against the surety, which judgment was affirmed on appeal by this Court. Pecastaing v. Globe Indemnity Co., 176 La. 31, 145 So. 259.
 

 Article 343 of the Revised Civil Code, as amended by Act 78 of 1914, reads as follows :
 

 "Whenever the parent of a minor has property in common with him, the parent can cause the share
 
 of the minor either in the whole of the property or in any part thereof to be
 
 adjudicated to the parent
 
 at
 
 *847
 
 the price of an estimation made under oath by experts appointed by the Judge, provided that a family meeting duly assembled shall declare that the adjudication is for the interest of the minor and the under tutor shall give his consent thereto. When the
 
 property is an immovable,
 
 the share of the minor which shall have been adjudicated
 
 shall remain specially mortgaged in the minors favor to secure the payment of the price of adjudication in principal and interest.”
 
 (Italics ours.)
 

 The bond for the ^um of $10,000 given by Cyrille Pecastaing as parent and adjudicatee with the Globe Indemnity Company of New York, as surety, was substituted for the special mortgage referred to in the above quoted Article. The purpose of the bond was identical with the purpose of the special mortgage provided for in the Article —i. e., to secure the payment of the price of the adjudication in principal and interest.
 

 The bond furnished by Cyrille Pecastaing, as natural tutor, with the Aetna Casualty & Surety Company, as surety, was to guarantee, on behalf of the tutor, the fidelity of his administration, and that the tutor would comply with his obligations to truly and justly account to the minors for their property or money in his custody, according to law.
 

 The two bonds are different in purpose and effect: The Aetna bond guaranteed the faithful administration of the tutor, under the law, and the Globe bond guaranteed the payment of the purchase price, with interest, of the property adjudicated to the surviving parent, as owner in common, under Article 343 of the Revised Civil Code. These bonds are statutory and the statutes under which they were given must be considered as written into the respective bonds. The statute in force at the time Pecastaing, as natural tutor, gave the Aetna bond and which authorized the substitution of such bond for the security provided for minors under Articles 321 and 3314 of the Revised Civil Code was Act 223 of 1920, as amended by Act 68 of 1924, Act 106 of 1924 and Act 283 of 1926 (Dart’s Louisiana General Statutes, Sections 4873-4882) which reads, in part, as follows:
 

 “Section 2. * * * That natural, legal, testamentary or dative tutors may, in all cases, at their option and in place of the general mortgage arising from the recordation of the certificate of the Clerk of Court of the amount of a minor’s property as shown by the inventory, or of a special mortgage given for the security of the rights and property of the minors and for the faithful discharge of the functions of the tutor pursuant to article 325 of the Revised Civil Code, or of a special mortgage resulting from the adjudication to the tutor of property held in common by said minor and said tutor pursuant to article 343 of said code, or of a special mortgage given under Article 344 of said Code, give bond or security in the manner herein provided; and the bond or security so given shall not be recorded nor operate as a mortgage.
 

 “Section 3. * * * the intent being that the bond or security should protect the minor to the full extent that the security furnished by the general or special mortgage or mortgages securing the price of
 
 *849
 
 adjudication of minor’s property or mortgage given in place thereof under article 344 of the Revised Civil Code may be released.”
 

 Thus, it appears that the Act in question distinctly provides for the substitution of bonds for (1) the general mortgage arising from the recordation of the certificate of the clerk of court of the amount of the minor’s property, as shown by the inventory and (2) a special mortgage resulting from the adjudication to the parent of property held in common with his minor child, as appears from Article 343 of the Revised Civil Code.
 

 Reference to the Globe bond shows that it was prepared on the general printed form of a “Bond of Administrator” and there was interlined the following “and shall account to said minors for the price of said minors’ property adjudicated to Cyrille Pecastaing under date October 17, 1929.” No doubt, the standard form of the “Bond of Administrator” was used as a matter of convenience. Therefore, taking the condition of the bond of the Globe Indemnity Company, as written, it covers two risks (1) the fidelity of the tutor’s administration and (2) the payment of the price of the adjudication of the minors’ property.
 

 In the case of Pecastaing v. Globe Indemnity Company, supra, it was pointed out: “This is an action by a dative tutor on behalf of his minors, against their father and the surety on the bond he gave as their natural tutor and to secure the price for which his minor children’s ■ property was adjudicated to him as parent holding the property in common with them. Act No. 223 of 1920; Act 68 of 1924; Act 283 of 1926; Act 106 of 1924.”
 

 From the above and foregoing quoted part of Section 3 of Act 283 of 1926, amending Act 223 of 1920, it was shown that the statute only required that in case of adjudication of the minor’s property to his parent, as co-owner, the bond should secure the payment of the price of adjudication in principal and interest. The Globe bond contained language which made it more general as the liability than required by the statute. It is well-settled that so much of the bond as went beyond the requirements of the statute should be considered written out of the bond. Long Bell Lumber Company et al. v. S. D. Carr Construction Company et al., 172 La. 182, 133 So. 438; Electrical Supply Company v. Eugene Freeman, Inc., 178 La. 741, 152 So. 510. Furthermore, the Globe Company by going beyond the requirements of the statute could not impose upon the Aetna Company, which had previously signed as surety for the administrator, a greater liability nor take away any rights which it had, by entering into a subsequent bond with the natural tutor without the Aetna Company’s consent or approval. Just as the Aetna Company, the surety on the administration bond of the natural tutor, had the right to have the minors’ claims for the unpaid adjudication price with interest satisfied out of the special mortgage resulting from the adjudication, so has it likewise the right to have the minors’ claims therefor satisfied out of the bond granted in lieu of the special mortgage. The bond stands in place of the special mortgage and was substituted for that very purpose.
 

 
 *851
 
 Under the provisions of Article 3058 of the Revised Civil Code, one surety cannot recover against another surety unless the two sureties were bound for the same debt and the same debtor. The Aetna Company was the surety for Pecastaing, not as the parent and co-owner of his minor children, but as their natural tutor. The Aetna Company was surety not for any specific amount but for the faithful administration of the tutor. The Globe Company’s liability did not depend upon any act of maladministration but was an unconditional guarantee that the price of the adjudication, with interest, would be paid. Therefore, concluding that the plaintiff and the defendant were not sureties for the same debtor and the same debt, and that the defendant is not liable to the plaintiff, the judgment of the district court should be affirmed.
 

 For the reasons assigned, the judgment of the district court is affirmed at the appellant’s costs. The right to apply for a rehearing is reserved to appellant.