LOTTINGER, Judge.
This matter is before us on a motion to dismiss an appeal filed by the Zurich Insurance Company. The present proceeding was consolidated with Suit No. 6797, Webb v. Zurich Insurance Company, La.App., 185 So.2d 232. Although a separate judgment will be rendered in the proceeding numbered 6797, both suits will be treated in this opinion.
These suits were filed during the year 1957 to recover damages for the death of the petitioners’ husbands who were killed in an airplane crash in the State of Michigan. The defendants in both suits were Sheriff Bryan Clemmons and his insurer Zurich Insurance Company. The insurance company filed an exception of no cause or' right of action on the ground that it was not subject to a direct action pursuant to the provisions of R.S. 22:655, which limits direct actions against liability insurers to accidents occurring in the State of Louisiana. With reservation of its exceptions, the insurance company filed an answer. Following trial on the merits, judgments were rendered in both suits maintaining the exceptions of no cause or right of action and dismissing Zurich Insurance Company from the suits. Notwithstanding the dismissal of the insurance company, the trial judge proceeded to pass upon the specific policy defenses and stated in his reasons for judgment that the policy covered the accident sued upon by the plaintiffs and rendered judgment against Byran Clemmons, as sheriff of the Parish of East Baton Rouge, “subject to the limit of liability of the policy issued to the said sheriff of East Baton Rouge, State of Louisiana.” The sheriff has not taken an appeal from said judgments. The insurance company, however, took this appeal claiming error of the Lower Court because of the wording relative to its liability under the policy. The petitioners have moved to dismiss the appeal.
There is no question in our mind but that the defendant, Zurich Insurance Company has a right of appeal in this matter under the provisions of Article 2086 of the Louisiana Code of Civil Procedure, which provides :
“A person who could have intervened in the trial court may appeal, whether or not any other appeal has been taken.”
The petitioners contend, however, that the reasons for judgment do not form a portion of the adjudication and that, therefore, there was no adjudication made by the Lower Court adversely to the interest of Zurich. The cases on this score, however, do not hold that the reasons for judgment must be ignored in ascertaining the basis on which the judgment was rendered. In Brannon v. Zurich General Accident and Liability Insurance Company, La.App., 56 So.2d 287 the Court said:
“The reasons for judgment are a necessary part of the record. According to Article 7, § 43, Constitution of 1921, all district judges, in contested civil, other that jury cases, wherein there is a right of appeal, when requested by either party, shall give in writing a finding of facts and reasons for judgment.
When written reasons are given for judgment, no matter whether pursuant to request or not, that come up with the judgment for review.”
The judgment rendered in this case was based solely and only on the existence of the policy, and the Court found that this liability policy was equivalent to a deputy sheriff’s bond and that the defenses claimed by the insurance company were invalid. Without the policy, no judgment would have been rendered against the sheriff. The only party aggrieved by the judgment is the insurance company, and we feel that it is entitled to an appeal.
In Fontenot v. State Farm Mutual Insurance Company, La.App., 119 So.2d 588, we held that an insurer, although denying liability under its policy, is entitled to litigate the issue of liability of its insured. In *232 the present case, the insurance company was subjected to a trial on the merits, after which the Lower Court held the liability under the policy, although the insurer was dismissed from the suit upon technical grounds. We feel, therefore, that they should now be given the right to correct any ■errors, if there are any, made part of the judgment below. For the reasons herein-above assigned, the motion to dismiss the appeal will be denied, all costs herein shall be paid by petitioners.
Motion to dismiss denied.