201 So.2d 362 (1967)
Robert J. DAROUSE et al.
v.
Andrew MAMON, Jr., et al.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
v.
Andrew MAMON, Jr., et al.
Nos. 7168, 7169.
Court of Appeal of Louisiana, First Circuit.
June 30, 1967.
*363 Horace C. Lane, Baton Rouge, for plaintiff-appellant, State Farm Mut. Auto. Ins. Co., for appellant.
Arnold J. Gibbs, Baton Rouge, for respondent Andrew Mamon, Jr.
Before LANDRY, ELLIS and BAILES, JJ,
LANDRY, Judge.
These motions to dismiss the answers by Andrew Mamon to certain appeals taken herein, present for determination a single question of law, namely, whether an unsuccessful plaintiff, in one of five separate but consolidated cases arising out of a single automobile accident, who failed to timely appeal the dismissal and rejection of his own demand, may nevertheless obtain appellate review of such a judgment by answering appeals taken in two of the remaining associated actions. We find the motions to dismiss well taken and dismiss the answers of defendant Andrew Mamon to the appeals taken by appellants Robert J. Darouse, Mary R. Darouse and State Farm Mutual Automobile Insurance Company (State Farm).
On December 19, 1960, while driving the family car (insured by State Farm) in which her husband was a guest passenger, Mrs. Mary R. Darouse was involved in an intersectional collision with a vehicle being operated by defendant Andrew Mamon, acting within the scope and during the course of his employment by O. K. Radiator Company, Inc. (O. K.), said vehicle being insured by Employers Mutual Liability Insurance Company of Wisconsin (Employers).
The aforesaid mishap spawned five separate actions, namely: Suit No. 83,036 (Number 7169 on the docket of this court) by State Farm against defendant Mamon, his employer and said employer's insurer, upon a subrogation obtained from Darouse after payment of property damages to the Darouse automobile; Suit Number 85,394 (Number 7168 on the docket of this court) by Mr. and Mrs. Darouse against Mamon, O. K. and Employers seeking recompense for personal injuries and related medical expense allegedly sustained and incurred as a result of the collision; Suit Number 84,472 by Andrew Mamon against his employer and his employer's compensation carrier for recovery of workmen's compensation benefits; Suit Number 85,409 by Mamon against Mr. and Mrs. Darouse and their liability carrier for damages in tort; and Suit Number 85,471 by O. K. against Darouse and his insurer for compensation benefits paid Mamon.
By stipulation of counsel, all five of these actions were consolidated for trial in the court below. Although Mamon was named defendant in Suits Number 83,036 and 85,394, he was neither served with process nor made any appearance in either of said causes. Moreover, in neither of said actions *364 was any judgment rendered against him. After trial on the merits, judgment was rendered (written reasons therefor being of record) rejecting the claims of all parties on the ground that neither Mamon nor the Darouses (nor those variously claiming through them) established their demands with that degree of certainty required by law.
Timely appeals were taken by State Farm and the Darouses from the decrees rejecting their demands in Suits Number 83,036 and 85,394, respectively. Mamon did not appeal the dismissal of his tort action asserted in Suit Number 85,409 and neither was an appeal taken by O. K. Radiator from the judgment rejecting its action in Suit Number 85,471. After expiration of the delays for filing either a suspensive or devolutive appeal, Mamon answered the appeals taken by State Farm and the Darouses in Suits Number 83,036 and 85,394. In answering said appeals, Mamon alleges error on the part of the trial court in denying his recovery of the relief sought. He relates further that he answers the appeals of State Farm and the Darouses for the purpose of seeking reversal of the trial court judgment rejecting his demands and obtaining judgment in his favor as originally sought by him.
Counsel for Mamon argues in substance that since all five cases were consolidated for trial, the appeal of any one cause ipso facto brings all the consolidated actions before the appellate court for review.
Counsel for appellants State Farm and Mr. and Mrs. Darouse, however, maintain that Mamon, having neglected to timely appeal the judgment rejecting his demand, may not by the alleged subterfuge of answering appeals taken in other actions, obtain judicial review of the trial court's judgment denying him recovery in a separate and distinct suit.
We reject completely the argument that in the event of consolidation for trial and appeal, the appeal of one associated action ipso facto brings all aspects of every amalgamated suit before the appellate court for review. This is especially true, where, as in the case at hand, separate judgments are rendered in each of the combined causes. Consolidation is merely a procedural convenience designed to avoid a multiplicity of actions. Although consolidation of actions is expressly authorized (See LSA-C.C.P. Article 1561), nothing in the cited statute, or any other codal authority of which we are aware, authorizes a consolidation of judgments or appeals. Customarily, trial courts render separate judgments in consolidated cases as was done in the case at bar. Moreover, it is usual for cases consolidated on trial to be similarly consolidated on appeal as a further accommodation to litigants, but with separate judgments rendered in each cause. This does not mean, however, that in consolidated cases an appeal by one allegedly aggrieved litigant ipso facto presents to the appellate court every issue in each of the consolidated matters notwithstanding an absence of appeals on behalf of the remaining litigants.
Though a proceeding has been consolidated with another, an appeal by a party in one proceeding does not serve as such to the benefit of another party in the joined action. Succession of LaFauci (4th Circuit), La.App., 156 So.2d 234. For a judgment cannot be set aside or changed on appeal except as to those who are parties to the appeal. As a consequence, parties who fail to appeal cannot be heard, on appeal by others, to complain of errors below, and can demand no relief. Albritton v. Nauls, La. App., 15 So.2d 126; Lee v. Powell Bros. & Sanders Co. (1909), 122 La. 639, 48 So. 134; Silver v. Harriss (1928), 165 La. 94, 115 So. 380.
That there is a basic and fundamental difference between an appeal and an answer to an appeal is hardly open to argument.
The right of appeal is constitutionally guaranteed. Louisiana Constitution *365 Art. VII, §§ 10 and 29; Succession of Damico, 161 La. 725, 109 So. 402. An appeal as such is the exercise of the constitutional right enjoyed by a litigant to have an adverse judgment of a trial court revised, modified, reversed or set aside by an appellate court. LSA-C.C.P. 2082.
The procedural aspects of an appeal are primarily a legislative function. So long as the legislatively established procedure provides reasonable time and opportunity for taking and perfecting an appeal, the constitutional requirement of due process of law is satisfied.
Statutory authorization of the procedural device known as an answer to an appeal is merely a functional tool made available for the exercise of certain aspects of the constitutional right of appeal.
Since any litigant may himself appeal an adverse judgment either in whole or part, his answer to an appeal taken by his adversary is not intended as a complete substitute for the appeal which the litigant may have taken in his own right.
An answer to an appeal is but a qualified substitute for an appeal as such and any litigant availing himself of this procedural expedient, in preference to taking his own appeal, must do so within the framework of the law authorizing the practice.
Unquestionably Mamon could have directly appealed any judgment adverse to the defendants in the subrogation action brought by State Farm and the ex delicto suit instituted by the Darouses even though he was not a party thereto. LSA-C.C.P. Article 2086 grants the right of appeal to any person who could have intervened in an action. See also Owen v. Zurich Insurance Company, et al., La.App., 185 So.2d 230. Since Mamon's alleged negligence was the basis of the subrogation suit and tort actions brought by State Farm and the Darouses, respectively, Mamon clearly could have intervened therein. LSA-C.C.P. Article 1091. Having the right of intervention, he could have appealed such a judgment.
Factually, however, Mamon did not appeal either judgment, notwithstanding his right to do so. Instead of exercising the right of direct appeal which he possessed, he chose to answer the appeals taken by plaintiffs in these causes. Having opted to utilize the substitute procedure of answering the appeals instead of appealing directly, Mamon is limited to the relief which an answer to an appeal makes available.
The method of taking and scope of relief obtainable from an answer to an appeal is provided in LSA-C.C.P. Article 2133, which reads as follows:
"Art. 2133. An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record, whichever is later. The answer filed by the appellee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him and of which he complains in his answer."
From the foregoing, it is clear that the relief provided by means of an answer to an appeal is available to an appellee only. Mamon was not an appellee in either of the cases appealed. Granted he was initially named as defendant in each said cause. However, no process was served upon him and neither did he make any appearance in either suit. Nor was any judgment rendered for or against him. It follows he was not a party to either suit and therefore not an appellee. Not being an appellee, he possessed no right to answer the appeal of a party litigant. Mamon's answer to the appeals in question was nothing more than a disguised attempt to appeal after the delays for taking appeals had expired.
*366 It follows that the answers filed by Andrew Mamon to the appeals taken in these consolidated actions must be dismissed and rejected.
Accordingly, it is ordered, adjudged and decreed that the answers filed by Andrew Mamon to the appeals taken by Robert J. Darouse and Mary Darouse in Suit Number 7168 on the docket of this court be rejected and dismissed at said Mamon's cost.
Answers to appeal dismissed.