PICKETT, Judge.
The plaintiff, E. L. Burns Company, Inc., instituted this suit against Anthony Cashio and St. Paul Fire & Marine Insurance Company, surety of Anthony Cashio, d/b/a Cashio Construction Company, to recover $2,767.00, for labor and material furnished by plaintiff to defendant, Anthony Cashio, in the construction of a school building.
On April 17, 1970, Anthony Cashio, entered into a contract with the East Baton Rouge Parish School Board for the construction of additions to the Merrydale and Cedarcrest-Southmoore Elementary Schools. The St. Paul Fire & Marine Insurance Company executed a performance bond guaranteeing the performance of the above contract. The contract and bond were duly recorded in the office of the Recorder for the Parish of East Baton Rouge, Louisiana, as provided by law.
On January 21, 1971, the East Baton Rouge Parish School Board (School Board) accepted the work under the contract and recorded its acceptance thereof in the office of the Clerk of Court and Recorder of the Parish of East Baton Rouge. On March 10, 1971, the defendant, Anthony Cashio (Cashio), presented the School Board with a clear lien certificate, and in due course was paid the balance due him under the contract.
During the course of the construction of the additions to the school buildings, plaintiff, pursuant to an oral contract with Cashio, furnished labor and material used in the school projects to the value of $4,767.00. Cashio paid plaintiff the sum of $2,000.00 of the amount due it, but he failed to pay the balance in the sum of $2,767.00. Since Cashio would not pay the balance due and owing, demand was made on the surety, St. Paul Fire and Insurance Company, (Insurance Company) on September 7, 1972, under the bond. The surety failed to pay the claim; and this suit followed.
The defendants answered plaintiff’s petition in the form of a general denial of liability. The defendants then filed an exception of prescription of one-year based on the provisions of LSA-R.S. 38:2247. The trial court overruled the exception, but both of the defendants reurged the plea of *228 prescription, and the defendant, Insurance Company, filed an exception of no cause of action. The trial court denied the exception of no cause of action, but sustained the exception of prescription as to the defendant, Insurance Company, and overruled the plea of prescription as to Cashio. The plaintiff has appealed devolutively from that judgment. The defendants have not appealed nor answered the appeal.
No testimony was taken at the hearing on the exceptions. The questions presented are solely questions of law based on the facts alleged in the pleadings. Specifically the appellant complains that: “The trial court erred in maintaining the exception of prescription as to the defendant, St. Paul Fire & Marine Insurance Co.”
The defendant points out that the School Board accepted the work on January 21, 1971. This suit was filed December 4, 1972, more than one year after the acceptance of the work. The defendant contends that the prescription of one-year is applicable in accordance with the provisions of LSA-R.S. 38:2247, which reads as follows :
“Nothing in this Part shall be construed to deprive any person or claimant within the terms of this Part of his right of action on the contractor’s bond which shall accrue at any time after maturity of his claim, which said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any person having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall record his claim as provided in R.S. 38:2242 or give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana.”
The plaintiff points out that the surety bond filed by defendant, Insurance Company, contains the following pertinent language :
“Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment falls due.”
The plaintiff then argues that by the inclusion of the above cited clause in the bond, the surety has agreed to pay any unpaid claims within a period of two years, instead of one year as provided in LSA-R.S. 38:2247. In support of plaintiff’s contention, counsel for plaintiff cites De-Frances Marble and Tile Company v. Coxe, La.App., 148 So.2d 83, wherein the court said:
“There is no public policy which prohibits the surety company from voluntarily contracting to pay claims of unpaid workmen or furnishers of supplies more than one year or as in this case specifically within two years from the date of the furnishing of such material or performance of work. Accordingly, the recorded stipulation voluntarily by Employers placed in its bond, thereby publicly notifiying such suppliers of materials or artisans of its agreement to pay any such unpaid claims within a period of two years is a conventional obligation assumed by it giving to such claimants a direct action on the bond for the assertion of such claims and is in no way dependent upon the statutory requirement restricting the assertion of such claims to one year.”
*229 The plaintiff contends that since the Public Works Statute does not prohibit the expansion of the prescriptive period, the contracting parties may legally contract to expand the prescriptive period to two years.
However, the well established jurisprudence of this state is that a statutory bond must be construed in the light of such statute, and that whatever is written into the bond not required by the statute must be read out of the bond. In Patent Scaffolding Company v. Ross Corp., La.App., 172 So. 364, the court said:
“It is a well established rule of law that when a statutory bond is given it can neither enlarge nor diminish the conditions required by the statute and that whatever is written into the bond not required by the statute must be read out of the bond. Long Bell Lumber Co. v. S. D. Carr Const. Co., 172 La. 182, 133 So. 438 (1931); Louisiana Highway Commission v. McCain, 197 La. 359, 1 So.2d 545 (1941) and Martinolich v. Albert, 143 So.2d 745 (La.App.1962). It is also well settled that unless the items which compose the plaintiff’s claim form a component part of the completed structure or are consumed in the work, they are not lienable nor are they covered by the contractor’s bond given under the provisions of LSA-R.S. 38:2241. Under this rule it has been held that the price due for rental of equipment is not covered by a bond given in accordance with LSA-R.S. 38:2241. Martinolich v. Albert, 143 So.2d 745 (La.App.1962) and cases cited therein.”
The court distinguished the DeFrances case from the settled jurisprudence of this State in the Patent Scaffolding case, supra, as follows:
“The rationale of the DeFrances case does not have application to this case for the simple reason that this case involves a bond on a public work not on a private work. A bond on a private work is not a statutory bond in the sense that a bond on a public work is statutory for there is no mandatory requirement that one be furnished. This distinction was recognized in the DeFrances case. Since this is a mandatory statutory bond its provisions can not be enlarged as was done conventionally in a conventional bond in the DeFrances case.”
Therefore we conclude that since the bond in this case was given pursuant to the Public Works Statute it cannot expand the conditions required by the statute by increasing the prescriptive period from one year to two years.
For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.