On September 16, 1942, at the intersection of South Fifteenth and Myrtle Streets, in the City of Baton Rouge, a collision occurred between a Buick Sedan, 1934 Model, owned and operated by Charlie Davidson, who owned and operated taxi cabs, and a Mercury automobile owned and operated by plaintiff, James H. Rester. As a result of the accident, plaintiff's automobile was damaged to the extent of $185.85, and also was in the process of repair for a period of ten days. Plaintiff alleges that the accident was caused solely by the gross negligence of defendant, and sues for the actual damages of $185.85, plus $40 representing the loss of use of his car for a period of ten days. The defendant admits the collision, but alleges that it was caused by the negligence of plaintiff, who ran into him, and that as a result of the accident defendant's automobile had to be sold for $20 after the accident, when some four weeks previously it had cost him $300, representing a loss of $280. The defendant makes reconventional demand for the amount of his alleged loss.
After hearing the case, Judge Fitch rendered judgment in favor of the plaintiff in the amount of $185.85, representing the actual repairs to plaintiff's automobile. Thereafter the defendant filed a petition seeking to annul and set aside the judgment, which petition was met with an exception to the citation. Thereafter the plaintiff secured a writ of fi. fa. under which one of defendant's cabs was seized, which seizure was bonded by the defendant.
In the meantime, Judge Favrot was elected Judge of the City Court of Baton Rouge, and thereafter heard the arguments on the exceptions to citation of the defendant's *Page 528 
petition to annul the judgment rendered by Judge Fitch, and took the exception under advisement. Finally, at the suggestion of Judge Favrot, counsel for both parties moved to set aside the original judgment rendered by Judge Fitch to allow the case to be argued and submitted to Judge Favrot for decision, and after such argument and submission, Judge Favrot rendered the same judgment as Judge Fitch, in favor of plaintiff, in the amount of $185.85. The case is now on appeal to this court by defendant.
The facts as shown by the evidence are that plaintiff Rester was driving his 1941 Mercury Coach south on South Fifteenth St., at about 15 miles per hour, and that defendant Davidson was driving his Buick automobile in a westerly direction on Myrtle Avenue, and that as Rester had proceeded about two-thirds across the westerly portion of Myrtle Avenue, the Buick driven by Davidson darted out of the easterly part of Myrtle Avenue into the path of the Rester car; and that the left front part of the Rester car struck the right front side of the Davidson car. It appears that the trial judge was convinced that Davidson was entirely at fault in attempting to deprive the plaintiff Rester of his right of way under the circumstances and that therefore the accident was caused solely by his gross negligence.
[1] The only point insisted upon by counsel for defendant in this court is that the judgment in favor of the plaintiff does not mention the reconventional demand of defendant, and that therefore the reconventional demand has not been determined by the lower court. On that point it seems clear to us that since judgment was rendered in favor of plaintiff, it follows that the reconventional demand was by implication rejected. The only basis for the reconventional demand would be that the accident was caused solely by the negligence of plaintiff, and if plaintiff were negligent, it stands to reason that his main demand would fall.
[2] The case involves simply a question of fact and under the well-known rule of manifest error, after a careful review of the' evidence, we cannot say that the trial judge was wrong. Furthermore, defendant-appellant did not, either in oral argument or in brief, discuss the facts nor point out any error committed by the trial judge save the point of law discussed above.
[3] As to the quantum of damages, it appears that plaintiff actually suffered the amount awarded for repairs to his automobile. As to the additional amount demanded for loss of time, that item is highly speculative and is not insisted upon in this court.
For these reasons assigned, the judgment appealed from is affirmed.