ELLIS, Judge:
This suit which is a companion case to the case of Davidson v. Curole, 196 So.2d 311 (La.App.1966) was brought by Wallace J. Chabert, Sr., father of the deceased Luke R. Chabert, against Lumbermen’s Mutual Casualty Comapny, Paul W. Davidson, and New Hampshire Insurance Company. Davidson and New Hampshire third partied Lumbermen’s Mutual Casualty Company. Lumbermen’s, in turn third partied Davidson and New Hampshire.
Judgment was rendered herein in favor of Wallace J. Chabert, Sr., and against Davidson and New Hampshire for $6196.40,, with interest and costs, and dismissing the suit as to Lumbermen’s Mutual Casualty Company.
Davidson and New Hampshire appealed suspensively from the judgment herein. Chabert appealed devolutively in order to. preserve his rights against Lumbermen’s,, and to ask for an increase in the award.
The circumstances of the accident therein are fully set forth in the opinion in the companion case. For the reasons set forth in that case, the judgment in this case will be reversed insofar as it applies to Paul W. Davidson and New Hampshire Insurance Company.
However, it is necessary to consider the liability of Lumbermen’s Mutual Casualty Company for the death of-Luke R. Chabert, who was a guest passenger in the Curóle car. As pointed out in the Davidson case, supra, Curole’s negligence was the sole proximate cause of the accident.
Lumbermen’s pleads the negligence of Chabert in riding as a passenger in the Curóle vehicle with full knowledge of Curole’s intoxicated condition. The testimony relative thereto is as follows:
Curóle testified that he had gotten up at 3:00 or 3:30 A.M. on the morning before *318 the accident. At 2:00 or 2:30 that afternoon, he went to the Country Inn and remained there until 6:30 or 7:00 P.M. He admitted to having two beers during that period. He stated he went home for supper and then returned to the Country Inn. He couldn’t recall how long he stayed there or how much he had to drink, but estimated that he had “maybe two or three”. Then he went to the Welcome Inn where he maybe had one or two beers. From there he went to the Balcony Lounge where he had one beer. It was then returned to the Welcome Inn, where he 'testified he drank one beer. It was after he left the Welcome Inn the second time that the accident happened. According to his testimony, Luke Chabert was with him from the time he returned from supper to the Country Inn until the accident.
Dr. Caillouet, who examined Curóle at the scene of the accident and at the hospital, was of the opinion that he was highly intoxicated.
 We think it clear from the above that Curóle was indeed highly intoxicated when the accident happened, and that Mr. Chabert must have been aware of his condition. Under these circumstances, Luke R. Chabert would certainly not be able to recover for injuries to himself because of his own negligence in riding with Curóle and because of his assumption of the risk. See Otis v. New Orleans Public Service, Inc., 127 So.2d 197 (La.App.1961). Needless to say, recovery for his death by his father, the plaintiff herein, would also be barred.
The judgment appealed from will be reversed, and there will be judgment herein in favor of defendants, dismissing plaintiff’s demands at his cost.
Reversed and rendered.