219 So.2d 236 (1969)
Kenneth Ray VOTH, Plaintiff-Appellant,
v.
AMERICAN HOME ASSURANCE COMPANY et al., Third-Party Plaintiffs-Appellees.
No. 7687.
Court of Appeal of Louisiana, First Circuit.
January 27, 1969.
*237 Henry N. Richardson, Bogalusa, for third party defendant-appellant and mover, Jewell Lott.
John N. Gallaspy, Bogalusa, for plaintiff-appellant, Kenneth Ray Voth, respondent.
*238 Franklin & Keogh, Baton Rouge, for defendants American Home Assurance Co.
Before LANDRY, REID and SARTAIN, JJ.

ON MOTION TO DISMISS APPEAL
SARTAIN, Judge.
We have before us a motion by Jewell Lott, third party defendant, who seeks to have the appeal of Kenneth Ray Voth, plaintiff-appellant, in the instant case dismissed on the grounds that the motion and security therefor were not furnished timely as required by CCP Article 2087.
The chronology of events leading up to the instant motion are as follows: An automobile collision occurred on November 13, 1965 on Louisiana Highway 21 in St. Tammany Parish between a 1957 Chevrolet station wagon owned and operated by Lott and a 1962 Ford sedan owned and operated by Voth.
Lott was uninsured at the time of the accident; therefore, on October 3, 1966 Voth instituted this suit in the Twenty-second Judicial District Court for the Parish of Washington against his own insurers, American Home Assurance Company (American) and Zurich Insurance Company (Zurich). He alleged certain acts of negligence on the part of Lott which constituted the sole and proximate cause of the accident and entitled him to recovery. Defendants, American and Zurich, filed a general denial as to the allegations pertaining to Lott's negligence and alternatively pleaded contributory negligence on the part of Voth as a bar to the latter's recovery. This suit bears Docket No. 26,748 in the district court.
Prior to the filing of the aforementioned suit by Voth and on May 23, 1966 Jewell Lott instituted a tort action against Voth and the latter's insurers (American and Zurich) alleging that the accident of November 13, 1965 was caused solely through the negligence of Voth. This suit was docketed on the Twenty-first Judicial District Court for the Parish of Washington as No. 26,370. The defendants filed a general denial and in the alternative pled contributory negligence on the part of Lott as a bar to his recovery.
On October 18, 1966 these two cases were consolidated for trial. Following several continuances these consolidated cases were tried on the merits on May 9, 1967. At the commencement of the trial it was stipulated in suit No. 26,748 that Jewell Lott would be considered as a third party defendant and would be liable to American and Zurich as third party plaintiffs for any judgment rendered against American and Zurich for the alleged negligence of Lott.
At the conclusion of the trial and for oral reasons dictated into the record the trial judge held that the accident was caused solely through the negligence of Voth. He therefore rendered judgment in the Voth case (No. 26,748) against the plaintiff and in favor of the defendants, American Home Assurance Company and Zurich Insurance Company dismissing Voth's suit. In Lott's suit (No. 26,370) and for the same oral reasons the trial judge ruled in favor of Lott on liability but took the question of quantum under advisement and requested briefs.
The trial judge's oral reasons close with the following paragraph:

"When presented with a judgment dismissing the matter of 26,748 at plaintiff's costs, the Court will sign same and the Court leaves open the matter of 26,370 open for a determination of a question of quantum." (Emphasis ours)
It is undisputed that all counsel were present when the above judgment was rendered and the oral reasons therefor dictated into the record. On June 15, 1967 in suit No. 26,748 a judgment was presented to and signed by the district judge in accordance with the aforementioned reasons for judgment which was against plaintiff and in favor of the defendants, American and Zurich.
*239 On October 9, 1967 in the Lott suit (No. 26,370) the trial judge handed down "Additional Reasons for Judgment" wherein he fixed quantum for personal injuries in the amount of $3,000.00 and special damages at $1,981.57 and rendered judgment in favor of Lott and against Voth and American in these sums together with legal interest thereon from date of judicial demand until paid and for all costs. Judgment was signed in accordance with these written reasons on October 13, 1967.
Also on October 13, 1967 in the Voth suit (No. 26,748) another judgment was presented to and signed by the district judge which judgment reflected that the same was rendered on May 9, 1967, which again rejected the demands of plaintiff, Voth, but also rejected the demands of the third party plaintiffs (American and Zurich) against third party defendant, Jewell Lott, further dismissing plaintiff's suit at his costs.
On November 9, 1967 American and Zurich moved for a suspensive appeal in suit No. 26,370 and for a devolutive appeal in suit No. 26,748. The devolutive appeal in suit No. 26,748 pertained to that portion of the judgment rendered and signed on October 13, 1967 rejecting American and Zurich's third party claims against Lott. It is obvious that the obtaining of a devolutive appeal in the Voth suit was purely a precautionary measure on the part of American and Zurich.
On January 12, 1968 Kenneth Ray Voth in suit No. 26,478 applied for and was granted a devolutive appeal which appeal is now the subject of this motion.
Jewell Lott contends that Voth's appeal is untimely because the delays with respect thereto commenced to run on June 15, 1967 and had long since expired prior to the date of January 12, 1968.
Kenneth Ray Voth defends his appeal on two grounds, namely: (1) that Jewell Lott (third party defendant) did not appeal from the judgment that was signed on June 15, 1967 and is therefore incapable of filing the instant motion, and (2) that the effective date for the commencement of the running of the delays for the taking of a devolutive appeal on his part was October 13, 1967 the date of the signing of the second judgment by the district judge. We are of the opinion that neither defense is available to Kenneth Ray Voth and that the appeal must be dismissed.
Appellant's contention that Jewell Lott lacks the capacity to file a motion to dismiss this appeal must of necessity be rejected. Mr. Lott is an appellee in this case having been impleaded as a third party defendant. Under Article 2133 of the Code of Civil Procedure he is not required to file any pleadings or take any steps prior to the argument of this case on appeal unless he seeks to amend or alter the judgment of the trial court. See Brown v. Garner, La.App., 157 So. 136, where a defendant-appellee was permitted to urge the reversal on different grounds of a judgment of the trial court even though the judgment was in his favor.
However, assuming arguendo that Lott did not appeal from the judgment in his favor rejecting Voth's demands or that Lott did not answer the appeal of Voth such a defect if any cannot inure to the benefit of Voth. Voth's objection is one of procedure; whereas, the necessity for timely applying and furnishing security for an appeal is a substantive matter which goes to the jurisdiction of this court to entertain an appeal. We are required by law to ascertain that any appeal lodged before us has been timely perfected so as to satisfy ourselves that we have jurisdiction. It matters not in consideration of the instant motion whether Lott did not have the procedural capacity to object to Voth's appeal because we can dismiss the appeal on our own motion in the event we find that the same is defective and that we lack jurisdiction. CCP Articles 1974, 2087, 2124. Britt v. Brocato, La. App., 170 So.2d 516; Blanks v. S. H. Kress Company, La.App., 204 So.2d 722; Geisenheimer Realty Co. v. Board of Commissioners of Port of New Orleans, La.App., 204 So.2d 628; Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So. *240 2d 79; In re Tutorship of Kitchen, La.App., 162 So.2d 826; Thomas v. Reliance Insurance Co., 215 So.2d 515, 4th La.App.
We now direct our attention to the question of whether or not the motion for an appeal by Voth on January 12, 1968 was in fact timely. The answer to this question reverts back to the question of whether Voth's delays commenced on June 15, 1967 the date the first judgment was signed or October 13, 1967 the date the second judgment was signed. Voth contends that the order consolidating the two cases for trial of necessity merged the actions with respect to the running of delays and the effectiveness of the judgments rendered. We cannot agree with this contention.
The consolidation of cases (CCP Article 1561) for trial is a procedural convenience and does not merge the actions unless the records clearly reflect an intention to do so. In the instant matter the cases were consolidated for convenience only and the record is amply clear that minute entries signified the separate identity of the two suits as did the judgments rendered in each. Darouse v. Mamon, La.App., 201 So. 2d 362.
We are of the opinion that the judgment rendered on May 9, 1967 and signed on June 15, 1967 specifically adjudicated Voth's rights in his claim against his own insurers. This became a definitive judgment after the running of appropriate delays.
CCP Article 1841 defines judgments as "interlocutory and final" and states that "A judgment that determines the merits in whole or in part is a final judgment." It was not necessary that the judgment which was signed on June 15, 1967 also include the matter of third party claims. The failure of the judgment which was signed on June 15, 1967 to mention third party claims was not essential or prejudicial to Voth's interest. Actually the judgment which was rendered on May 9, 1967 and signed on June 15, 1967 which rejected plaintiff's claim for damages while not mentioning the third party claims of American and Zurich against Lott had the effect of rejecting such third party claims by implication. See Rester v. Davidson, 29 So.2d 527, 1st La. App., 1947.
The judgment rendered on May 9, 1967 and signed on June 15, 1967 was a final judgment as to Voth though it may have been a partial judgment with respect to all the parties. CCP Article 1915 specifically authorizes the rendition of a final judgment "though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case * * *"
The above quoted last paragraph of the trial judge's oral reasons which were dictated on May 9, 1967 at the conclusion of the trial clearly informed counsel for Voth that plaintiff had lost his law suit and that the judge would "when presented with a judgment dismissing the matter of 26,748 at plaintiff's costs, the court will sign same * * *" Counsel for Voth was present in court and it was not necessary that he be notified by the clerk that the judgment was in fact presented to and signed by the district judge on June 15, 1967 as required by CCP Article 1914 when a matter has been taken under advisement.
The judgment which was signed on October 13, 1967 had absolutely no effect upon the rights of plaintiff-appellant. Voth. Neither did this judgment alter the judgment of June 15, 1967 which pertained solely to Voth.
Thus it is clear that the devolutive appeal sought by Voth was attempted well after the delays provided for in CCP Article 2087 and that said judgment adverse to Kenneth Ray Voth became final ninety days after the delay granted for applying for a new trial.
For the above and foregoing reasons the appeal is dismissed at plaintiff's appellee's costs.
Appeal dismissed.