234 So.2d 432 (1970)
George BURKE
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
GREAT AMERICAN INSURANCE COMPANY
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.
No. 7963.
Court of Appeal of Louisiana, First Circuit.
April 13, 1970.
*433 Iddo Pittman, Hammond, for appellants.
Sims, Mack & Sims, by Velma P. O'Neal, Hammond, for appellee.
Before LANDRY, SARTAIN and ELLIS, JJ.
*434 ELLIS, Judge.
These consolidated cases arise out of an automobile accident which happened on July 3, 1962, on U. S. Highway 51 in Tangipahoa Parish. The vehicles involved were one owned by John R. McCahill, operated by his wife, Mrs. Jean McCahill, and one owned by George Burke, and operated by his wife. The McCahill car was traveling in a southerly direction on the highway, and the Burke car in a northerly direction. Each of the parties claim that the other swerved over into the wrong lane of traffic, causing the accident. Mr. Burke has sued to recover the deductible portion of his collision insurance, and the community expenses incurred in connection with the injury suffered by his wife. Great American Insurance Company has sued as subrogee of Mr. Burke for the amount it paid for the damages to his vehicle.
The cases were consolidated and tried at the same time on February 18, 1964. The minute entry for that day reads as follows:
"This day this case came up pursuant to regular assignment. Present, Robert Mack of Sims and Mack, attorneys for plaintiff, and Robert Reid, attorney for Great American Insurance Company. Representing the defendant, Iddo Pittman. Offerings were made, and testimony taken. At the completion of the trial 10 days were given Mr. Mack to submit briefs, and 10 days thereafter to Mr. Pittman, then the matter is to be submitted to the Court and by the Court taken under advisement."
No briefs were filed by any party to either suit thereafter, and no further action was taken until March 31, 1969, when there is a minute entry in the Burke case showing that the court rendered judgment in favor of the plaintiff and against the defendant for $500.00, and one in the Great American case showing judgment in favor of Great American against the defendant for $462.61.
After these judgments were orally rendered by the court, but before they were signed, a motion to dismiss both cases for want of prosecution for more than five years was filed by the defendant. After the motions were filed, but before they were heard, Judge Comish signed the judgments on the merits. Judge Wallace A. Edwards, who was assigned to sit in place of Judge Comish, who had been assigned to another district, heard the motions to dismiss. He was of the opinion that they had been impliedly overruled by Judge Comish when he signed the judgments, and overruled the motions on that ground. Appeals have been taken by defendant from both of Judge Comish's judgments, as well as from Judge Edwards' judgments overruling the motions to dismiss.
With respect to the Burke case, the law is clear. Mr. Burke's counsel was given 10 days within which to file a brief and never did so. More than five years elapsed between the date of the trial and the date of the minute entry of the rendition of the judgment, without any action being taken. Under the provisions of Article 561 of the Code of Civil Procedure, the action is deemed abandoned. LeBlanc v. Thibodaux, 162 So.2d 753 (La. App. 1 Cir. 1964). The motion to dismiss for non prosecution should have been sustained.
In the Great American case, a different situation is presented. It was consolidated with the Burke case for purposes of trial since it was an outgrowth of the same accident. However, separate judgments were rendered by the trial judge. In this case also, more than five years elapsed between the trial date and the date of the minute entry of judgment, and no action was taken by either party. The difference in the two cases lies in the fact that no mention is made of any brief being filed by counsel for Great American when the other counsel were ordered to file briefs. It is argued that the case was therefore submitted as to Great American, *435 and there were no further steps it could take. It is settled law that, once a case is submitted to a court for decision, Article 561 is inapplicable to either party thereto, since the delay is attributable to the court. Washington v. Harvey, 124 So.2d 240 (La.App. 2 Cir. 1960).
Article 1637 of the Code of Civil Procedure reads as follows:
"After trial is completed, the court may immediately pronounce judgment or take the case under advisement."
In the absence of any express order by the court as to the time when a case will be considered submitted for decision, or taken under advisement, such as was given in the case of Mr. Mack and Mr. Pittman, it would appear that any case not immediately decided must be deemed taken under advisement. We believe that the Great American case falls into the latter category. We recognize that it was consolidated with the Burke case for trial, but this does not mean that the case has lost its status as a procedural entity. See Darouse v. Mamon, 201 So.2d 362 (La.App. 1 Cir. 1967). Once the trial is completed, the parties plaintiff must proceed independently. For instance, an appeal by one would not operate as an appeal on behalf of the other. Likewise, the submission of one case cannot be made dependent upon the filing of a brief in the other.
The motion to dismiss for non prosecution was, therefore, properly denied.
The testimony on the merits was as follows:
Mrs. Burke testified that she was driving in a northerly direction, on her way to visit her sister-in-law, when the other vehicle, being driven in a southerly direction, swerved over into her lane of traffic and caused the accident. A Mr. Kugler, who was following Mrs. Burke at a distance, corroborated her testimony.
Mrs. Jean McCahill was driving the other vehicle in a southerly direction, and she testified that Mrs. Burke pulled out to pass a car and caused the accident. She testified that she had to pull over to the shoulder to avoid a head on collision and that she had two wheels off the highway when the accident happened. Her testimony is corroborated by the State Trooper who investigated the accident and who testified that the physical evidence indicated that the point of impact between the two vehicles was about three feet over into the southbound lane of traffic.
The Trooper testified that the McCahill car left twenty feet of skid marks leading up to the point of impact, and that all of these were in the southbound traffic lane. The Burke vehicle came to rest with its front in the southbound lane of traffic.
These physical findings are such that it is impossible to reach any conclusion other than that Mrs. Burke crossed the centerline and struck the McCahill vehicle in the southbound lane. In so doing, she was guilty of negligence proximately causing the accident. In reaching the contrary conclusion, the trial judge committed manifest error.
In the case of George Burke v. State Farm Mutual Automobile Insurance Company, the judgments appealed from are reversed, and there will be judgment in favor of defendant and against plaintiff, dismissing plaintiff's suit at his cost.
In the case of Great American Insurance Company v. State Farm Mutual Automobile Insurance Company, the judgment overruling the motion to dismiss for non prosecution is affirmed; the judgment on the merits is reversed, and there will be judgment in favor of defendant and against plaintiff, dismissing plaintiff's suit at its cost.
Reversed and rendered.