SCHOTT, Judge.
This appeal was from a judgment dismissing appellant’s petition for a writ of habeas corpus. The judgment was signed on February 25, 1975, the motion for appeal was filed on April 3, and the appeal bond was filed on June 2. Because the bond was not filed within the thirty day period prescribed by LSA-C.C.P. Art. 3831, a rule was directed to appellant on our own motion to show cause why his appeal should not be dismissed for lack of jurisdiction.
The basis for appellant’s petition for ha-beas corpus was a judgment of a Tennessee court awarding him custody of his child and amending a previous judgment of the same court which had awarded custody to appellee, his divorced wife. The trial court gave full faith and credit to the ear- *190 Her judgment but declined to give full faith and credit to the amending judgment because of jurisdictional deficiencies in the proceedings leading up to the amending judgment. Accordingly, the trial court awarded custody of the child to the mother.
Appellant contends that the real issue in this case is the trial court’s failure to give full faith and credit to a judgment of a sister state and that the delays for appeal provided by Art. 3831 do not apply under these circumstances.
We see no merit in appellant’s argument. His suit was simply a petition for writ of habeas corpus brought pursuant to C.C.P. Art. 3821, et seq. Art. 3831 by its terms applies when a judgment orders the release of a person from custody or places him in the custody of another person. The fact that his claim is based upon a judgment of another state cannot affect our jurisdiction over his appeal from this judgment, since our jurisdiction is controlled by Art. 3831. This court has no power or authority to modify a judgment which has become definitive by the passage of the time fixed by law for taking an appeal. C.C. Art. 3556(31); C.C.P. Art. 1842.
Accordingly, the appeal is dismissed at appellant’s cost.
Appeal dismissed.