CHIASSON, Judge.
James M. McKean, Jr. and Glenda McKe-an, plaintiffs-appellees, move to dismiss the appeal of William T. Campbell for his alleged failure to timely appeal. We grant the motion and dismiss the appeal.
This matter first arose with plaintiffs filing a petition on April 17, 1973. The petition was amended and supplemented on January 13, 1977 and the defendant was served personally via the Louisiana Long Arm Statute. La.R.S. 13:3201 et seq. Defendant, represented by counsel at this time, raised peremptory exceptions of prescription and res judicata. The trial court sustained the res judicata exception and dismissed plaintiffs’ case. Plaintiffs appealed the decision and this court reversed and remanded to the trial court. McKean v. Campbell, 372 So.2d 652 (La.App. 1st Cir. 1979). Since that appeal, defendant was without assistance of counsel until this appeal.
Plaintiffs proceeded with their case and obtained a default judgment which was rendered and signed by the trial judge on November 30,1979. Campbell did not file a written request for notice of rendition or signing of judgment, nor did he file an application for a new trial.
The time for taking an appeal devolutively is governed by La.C.C.P. art. 2087. Said *130 article states that a devolutive appeal must be taken with sixty (60) days of: (1) the expiration of the delay for applying for a new trial, if an application is not timely filed; (2) the court’s denial of a timely filed application for new trial; and (3) the date of mailing notice of refusal to grant a timely filed application for new trial when applicant is entitled to such notice.
In this case no notice of the signing of the judgment had been requested by the defendant. Therefore, the delay for a new trial began to run the day after the signing of the judgment. La.C.C.P. art. 1974. The delay for new trial commenced on December 1,1979, and ran seven (7) days exclusive of holidays until December 11, 1979.
The time for taking the devolutive appeal under Article 2087(1) began to run on December 12, 1979. It expired sixty (60) days later on February 11, 1980, at which time the judgment of the trial court became final.
Defendant’s appeal in this case was not filed until April 1, 1980, well beyond the time limit established in the Code of Civil Procedure. Since the appellant failed to appeal within the delays allowed by law, this court is without jurisdiction to hear this appeal under La.C.C.P. art. 2088. Dean v. General Finance Corporation, 348 So.2d 756 (La.App. 1st Cir. 1977).
Since this court is without jurisdiction to hear this appeal, the court is also without jurisdiction to hear the exception of prescription filed by the appellant in this court on July 25, 1980.
For these reasons, the appeal is dismissed at appellant’s costs.
APPEAL DISMISSED.