PONDER, Judge.
There were three related cases on the docket of the Twenty-Second Judicial District Court:
No. 54668, in which James E. and Janet S. Daspit sought damages from Ellen Too-ley Swann for a fire loss;
No. 54773, in which Ellen Tooley Swann sought recovery of the balance on a promissory note given by the Daspits in the purchase of a business and of damages for breach of contract to keep insured the building leased to the Daspits;
No. 56126, in which U. S. Fire Insurance Company sought recovery of the amount paid by it to the Daspits for their fire loss. The motion to dismiss arises in the last case.
The three cases were consolidated for trial.
After trial and a taking under advisement, the court on July 9, 1981, under the heading “James E. Daspit and his wife, Janet S. Daspit d/b/a Swann Supply versus Ellen Tooley Swann, widow of Francis E. Swann, Individually and as Administratrix of the Succession of Francis E. Swann, Number 54668, Reasons for Judgment,” found Mrs. Swann responsible for the damage to the Daspits, saying it “will award him the sum of $105,000.00 subject to the claim of U. S. Fire Insurance Company in the amount of $75,000.00 and the claim of Mrs. Swann, ...” on which it found the amount of $25,548.18 to be due.
On July 15, 1981 the court signed judgment awarding $75,000.00 to the plaintiff in Suit No. 56,126, U. S. Fire Insurance Company versus Ellen Tooley Swann, et al.
On July 17, 1981, the court signed judgment filed on July 16, 1981, in Suit No. 54,668, “James E. Daspit and his wife, Janet S. Daspit d/b/a Swann Supply versus Ellen Tooley Swann, widow of Francis E. Swann, Individually and as Administratrix of the Succession of Francis E. Swann,” awarding the Daspits $105,000.00, and also awarding Mrs. Swann judgment against the Daspits in the amount of $25,545.18.
*1175 On August 7, 1981, in a Petition and Order of Appeal, headed “James E. Daspit and his wife, Janet S. Daspit d/b/a Swann Supply versus Ellen Tooley Swann, widow of Francis E. Swann, Individually and as Administratrix of the Succession of Francis E. Swann,” Ellen Tooley Swann asked for “a suspensive appeal from the judgment rendered on July 16, 1981.” This was granted on August 25, 1981, a bond of $130,000.00 being required. The order provided that “the appeal of this case be returnable” on October 25, 1981.
The bond filed in the same suit and having the same heading refers to the award of $105,000.00 to the Daspits and the award of $25,545.18 to Mrs. Swann. There is no reference to the award of $75,000.00 to U. S. Fire Insurance Company or to Suit No. 56,126 either by number or by title.
On August 27, 1981, the clerk of court sent notice of appeal of the three cases to all counsel.
On September 29, 1981 the clerk of court signed a Certificate of No Appeal in Suit No. 56,126, U. S. Fire Insurance Company versus Ellen Tooley Swann and on the same day sent a letter to all counsel in the three cases saying that only Suit No. 54,668 had been appealed and that the prior notice of appeal should be disregarded.
In a Motion filed on October 2, 1981, captioned with the numbers and titles of the three cases, Ellen T. Swann asked that an amended judgment incorporating all the awards and correcting some “errors in calculation of sums due by the various parties ...” be signed. The court granted the motion. The award to U. S. Fire Insurance Company was incorporated but not altered.
A petition for appeal, headed by the numbers and titles of all three cases was filed on October 15, 1981. The order setting a bond of $135,000.00 was signed on October 20,1981. The bond with the heading of the names and numbers of the three cases and referring to the numbers of the three cases within the body had been filed on October 15, 1981 along with the petition of appeal.
The records were filed in this court on December 2, 1981. U. S. Fire Insurance Company filed a motion to dismiss the appeal on December 3, 1981.
We dismiss the appeal.
The normal delays for appeal expired on September 28, 1981. Unless an appeal was taken prior to that time or unless the time was validly extended in some manner the judgment is now final and this court is without power to amend or reverse. C.C. Art. 3556(31); C.C.P. Art. 1842; Mollish v. Mollish, 328 So.2d 189 (La.App. 4th Cir. 1976), writ denied 329 So.2d 180 (La.1976).
Appellant asserts first that the appeal of August 7,1981, effectively appealed all three cases. We reject that argument. An appeal in one of several consolidated cases does not constitute an appeal of all those cases absent circumstances not present in this case. See Prince v. Paretti Pontiac Company, 262 So.2d 826 (La.App. 4th Cir. 1972); reversed on other grounds, 281 So.2d 112 (La.1973); Voth v. American Home Assurance Company, 219 So.2d 236 (La.App. 1st Cir. 1969); Darouse v. Mamon, 201 So.2d 362 (La.App. 1st Cir. 1967). The Voth and Darouse cases were approved in dicta in Reed v. Pittman, 251 La. 389, 242 So.2d 554 (1970). The petition and order of appeal and the bond made no reference to the U. S. Fire Insurance Company case by name or number. The amount of the bond was not entirely inconsistent with the judgment signed in the Daspit and Swann cases, ambiguous as that judgment was. There were no references to the other judgment in name, number or substance. We find inapposite those cases cited by appellee, involving two judgments in one case and the incorrect identification of the judgment appealed.
Appellant contends that the amount of the suspensive appeal bond, $130,000.00 is evidence of the intent to appeal both judgments. However, the amount awarded to the Daspits, $105,000.00 subject to the credit of the amount due by the Daspits, while ambiguous could reasonably lead to the conclusion that the $130,000.00 bond would be required.
*1176 Finally, appellant asserts that the amended judgment of October 2, 1981, had the effect of extending the delay for appealing. There are two answers to this contention. The U. S. Fire Insurance Company judgment had become final by that time. There is considerable doubt that even a permissible amendment after that time would effect a new time delay for appealing. Beyond this, however, appellant fails because the amended judgment of October 2, 1981, did not make any changes in calculations of the judgment in the U. S. Fire Insurance Company case. Neither in the motion to amend nor in briefs filed herein, has appellant pointed to any necessity to change the phraseology or the calculations of that judgment other than his contention that all awards should be included in one judgment. All the changes were in the other judgment. Under these circumstances the motion to amend in Suit No. 56,126 was ineffective. C.C.P. Art. 1951.
For these reasons, we dismiss the appeal in Suit No. 56,126, U. S. Fire Insurance Company versus Ellen Tooley Swann, et al. The costs are assessed against the appellant.
APPEAL DISMISSED.