417 So.2d 508 (1982)
Willie HOWARD
v.
HERCULES-GALLION CO., et al.
No. 82 CM 0380.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
*509 Robert E. Kerrigan, Jr., New Orleans, for Peabody, defendant-appellee.
Gordon Hackman, Boutte, for Willie Howard, plaintiff-appellant.
Before LEAR, CARTER and LANIER, JJ.
LANIER, Judge.
The defendant-appellee, Peabody International, Inc., moves to dismiss this unlodged devolutive appeal on the ground it was not timely perfected.
On November 4, 1981, when this case was called for trial on the merits, counsel for the appellant (plaintiff), Willie Howard, filed a written motion for a continuance on the grounds that the plaintiff was not competent to testify and that he was not ready to proceed with the case. After hearing the arguments of counsel, the trial judge denied the motion for the continuance. Counsel for the appellant then advised the court that he was unable to proceed with the trial. Counsel for the appellee made a motion to dismiss the petition of the appellant with prejudice. A judgment of dismissal with prejudice was then verbally rendered by the trial judge in open court in the presence of counsel for the parties. Counsel for the appellant did not request notice of the signing of the judgment at this point in time.
The pertinent dates and facts of this motion to dismiss are as follows:
(1) November 5, 1981formal judgment signed and filed;
(2) November 13, 1981appellant filed a request for notice of the date when the judgment was signed;
(3) November 16, 1981notice of judgment issued by the Clerk of Court;
(4) November 17, 1981notice of judgment served on counsel for appellant;
(5) November 19, 1981counsel for appellant filed a motion for a new trial;
(6) March 5, 1982hearing on the motion for new trial;
(7) March 24, 1982judgment rendered and signed denying the motion for new trial;
(8) April 1, 1982motion for devolutive appeal filed.
The time for taking a devolutive appeal is prescribed by La.C.C.P. art. 2087 which provides that it must be taken within sixty (60) days of: (1) the expiration of the delay for applying for a new trial, if an application is not timely filed; (2) the court's denial of a timely filed application for a new trial; and (3) the date of mailing notice of refusal to grant a timely filed application for a new trial when applicant is entitled to such notice. Pursuant to La.C.C.P. art. 1974, the delay for applying for a new trial is seven (7) days, exclusive of legal holidays. This seven (7) day delay commences to run on the day after the judgment is signed, except when notice of judgment is required under La.C.C.P. art. 1913, in which case the delay commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment. The portion of Article 1913 applicable to the facts of this case provides as follows:
* * * * * *
"If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment *510 was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record."

* * * * * *
In Guaranty Bank & Trust Company v. Quad Drilling Corporation, 284 So.2d 349 (La.App. 1st Cir. 1973), this court held that Article 1913 did not require that the request for notice of signing of judgment be made at the time the court verbally pronounces its judgment, and that if such a request was filed of record at anytime prior to the conclusion of the trial, that it was a timely and valid request. The issue here presented is when a trial court does not take a case under advisement and renders a verbal judgment, is a request for notice of judgment timely if it is filed during the delay period for applying for a new trial after the formal judgment is signed?
Since counsel for the appellant did not make a request for notice of judgment at the time that the judgment of dismissal was verbally rendered, and did not file such request prior to the time that the formal judgment was signed, the delay for applying for a new trial commenced to run on November 6, 1981, pursuant to Article 1974. We find no authority in the statutory law or jurisprudence that authorizes the interruption[1] of the delay period for applying for a new trial once it commences to run. If such an interruption were permitted, an additional delay would be added to the appeal process which is not consistent with a policy of orderly and expeditious appeals. It is our opinion that a request for notice of judgment may be timely filed up to and including the day that the formal judgment is signed. Once the period for applying for a new trial commences to run, an application for notice of judgment pursuant to Article 1913 is untimely and of no legal effect.
Since the application for notice of judgment filed on November 13, 1981, did not interrupt the delay period for applying for a new trial, that period expired on November 17, 1981.[2] Accordingly, the application for a new trial filed by appellant on November 19, 1981, was untimely and of no legal effect. The sixty (60) day delay for taking a devolutive appeal commenced to run on November 18, 1981, and expired on January 18, 1982. Appellant's motion for this devolutive appeal filed on April 1, 1982, was untimely and of no legal effect. Since the appellant failed to appeal within the delays allowed by law, this court is without jurisdiction to hear this appeal. La.C.C.P. art. 2088; McKean v. Campbell, 392 So.2d 129 (La.App. 1st Cir. 1980); Dean v. General Finance Corporation, 348 So.2d 756 (La. App. 1st Cir. 1977).
The gratuitous mailing of notice of judgment by the clerk, when such notice was not required because the request for it was untimely, does not extend the time within which application for a new trial may be filed or an appeal may be taken. Mitchell v. Louisiana Power & Light Co., 380 So.2d 743 (La.App. 4th Cir. 1980). An untimely application for a new trial does not affect, interrupt or extend the delay for timely taking an appeal. Willie v. Otasco, 351 So.2d 844 (La.App. 1st Cir. 1977).
The instant case is one of three cases[3] which were consolidated for purposes of trial on the merits by a judgment dated May 9, 1980. Before the date fixed for trial, the other two cases were compromised leaving only the instant case to be adjudicated. Appellant argues that a request for notice of judgment filed on March 10, 1977, *511 in one[4] of the consolidated cases is procedurally binding in the instant case. Consolidation of actions pursuant to La.C.C.P. art. 1561 is a procedural convenience designed to avoid multiplicity of actions and does not cause a case to lose its status as a procedural entity. Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970); Burke v. State Farm Mutual Automobile Insurance Company, 234 So.2d 432 (La.App. 1st Cir. 1970); Voth v. American Home Assurance Company, 219 So.2d 236 (La.App. 1st Cir. 1969); Darouse v. Mamon, 201 So.2d 362 (La.App. 1st Cir. 1967). Procedural rights peculiar to one case are not rendered applicable to a companion case by the mere fact of consolidation; each case must stand on its own merits. Williams v. Scheinuk, 358 So.2d 340 (La.App. 4th Cir. 1978). Thus, it has been held that filing an intervention (Williams), an order for briefs (Burke), or a judgment (Voth and Darouse) in one of several consolidated cases does not procedurally affect the others. By analogy the filing of the request for notice of judgment in a companion case which was consolidated with the instant case, especially when the companion case was compromised prior to trial, had no procedural effect on the instant case.
For the foregoing reasons, the appeal is dismissed at appellant's costs.
APPEAL DISMISSED.
NOTES
[1] See, for example, La.C.C. arts. 3516 et seq.; La.R.S. 9:5801 et seq.; Levy v. Stelly, 277 So.2d 194 (La.App. 4th Cir. 1973); 41 La.L.Rev. 227 (1980).
[2] November 6, 9, 10, 12, 13, 16 and 17 were legal days and November 7, 8, 11, 14 and 15 were excluded as legal holidays. La.R.S. 1:55.
[3] Willie Howard v. No. 50124 Dee Callahan, Earl Fischer and International Harvester Company; Willie Howard v. No. 50371 Hercules-Gallion Company and Peabody Solid Waste Management Corporation; and Willie Howard v. No. 59282 Terrebonne Parish et al.
[4] No. 50124.