COVINGTON, Judge.
This is a companion case to “James E. Daspit, et al. versus Ellen Tooley Swann, et al.", 436 So.2d 606.[1]
On January 30,1979, James E. Daspit and his wife, Janet S. Daspit, d/b/a Swann Supply, brought suit against Ellen Tooley Swann, widow and administratrix of the *612 succession of Francis E. Swann. Plaintiffs sought damages on the ground that Swann Supply, a business operated out of a building leased by plaintiffs from defendant, was destroyed on or about September 27, 1978,[2] by a fire allegedly caused by defective wiring.
On February 7, 1979, Ellen T. Swann filed suit against James E. Daspit, seeking through her original and amended petitions to recover $30,696.05, plus interest and attorney fees, allegedly owed on a $46,000 note held by Swann, and representing the sum claimed to be owed by Daspit in payment for the purchase of Swann Supply. Swann also claimed breach of contract in that Daspit was alleged to have agreed to keep Swann Supply insured against loss by fire.
Since all three cases arose out of the same occurrence and common questions of law and fact were involved, the cases were ordered consolidated for trial.
In the present case, the trial court found that Daspit owed Swann $25,545.18, plus interest and attorney fees, on the promissory note, and rendered judgment in that amount in her favor. On this appeal, Swann contends that the trial court failed to award her all sums due on the promissory note.
After hearing the testimony, the trial judge ruled that Daspit had signed the act of sale and the promissory note, and held that Swann was entitled to collect on the note. The court found that there was a balance of $25,545.18 due at the time of the fire. The evidence showed that Daspit made all payments on the note up until the time of the fire, and made no payments thereafter. Based on this evidence, the judge figured the balance due, using the amortization schedule, and arrived at the amount awarded in the judgment. 'We agree. The record reflects that the trial court properly and correctly calculated the amount due and owing to Swann in the instant case.
For the reasons assigned, we affirm the judgment appealed at appellant’s costs.
AFFIRMED.

. The present case was also consolidated with the case of “U.S. Fire Insurance Company versus Ellen Tooley Swann", 436 So.2d 612, which case had been dismissed as an appeal by another panel of this Court, 411 So.2d 1173 (March 2, 1982); the dismissal was reversed by the Louisiana Supreme Court and the case ordered to be reinstated, 424 So.2d 240, decided November 29, 1982.

. The fire report and other documents give the date of the fire as September 27, 1978. During his testimony, Mr. Daspit and his counsel referred to the fire as being on September 27, 1978. The date is not significant for purposes of these cases, since obviously there was only one fire (which totally destroyed the building). We mention this date only because some of the testimony and the Louisiana Supreme Court mention the date of the fire as being on September 20, 1978.