COVINGTON, Judge.
This is a companion case to “James E. Daspit, et al.. versus Ellen Tooley Swann, et al.”, 436 So.2d 606, and “Ellen T. Swann versus James E. Daspit,” 436 So.2d 611. This appeal was originally dismissed as untimely 411 So.2d 1173, but has been reinstated on order of the Louisiana Supreme Court in “U.S. Fire Insurance Company versus Ellen Tooley Swann, et al.,” 424 So.2d 240 (La.1982).
The evidence in the record establishes that U.S. Fire paid the amount of $75,-000.00 to the Daspits, its insureds, as a result of the fire caused by the fault of Swann and was subrogated to their rights to the extent of the payment.[1] For the *614 reasons assigned in the companion case of “James E. Daspit versus Ellen Tooley Swann, et al.,” 436 So.2d 606, we amend the judgment of July 15, 1981 to accord with the October 2, 1981 amended judgment, and as amended affirm the judgment appealed. Costs of this appeal are to be borne equally by appellant and appellee.
AMENDED AND AFFIRMED.

. On August 1, 1979 on motion of Swann, the U.S. Fire suit was consolidated with the two other lawsuits. Trial on the merits of the three consolidated suits was held on November 5, 1980. On July 9, 1981 the trial judge issued reasons for judgment in the matter. Essentially the lower court found that fault lay with Swann because the fire was caused by defective wiring in the building. He found that the damages to which the Daspits were entitled amounted to $105,000.00; that Swann was entitled to recover from the Daspits $25,548.18 (plus interest and attorney’s fees), the balance due on the Daspits’ promissory note; and that United States Fire, as subrogee, was entitled to a $75,000.00 portion of the $105,000.00 Daspit damages. Thus he recited that the court would award the Daspits the sum of $105,000.00 subject to the claim of United States Fire Insurance Company in the amount of $75,000.00 and the claim of Mrs. Swann.
The trial judge concluded his reasons by reciting, “the court will sign a judgment in accordance with these reasons when one is presented to it.”
The reasons for judgment were issued under the following caption and number:
JAMES E. DASPIT and his wife JANET S. DASPIT d/b/a SWANN SUPPLY
VERSUS
ELLEN TOOLEY SWANN, widow of FRANCIS E. SWANN, Individually and Administratrix of the Succession of FRANCIS E. SWANN
NUMBER 54668
22ND JUDICIAL DISTRICT
COURT
PARISH OF ST. TAMMANY
STATE OF LOUISIANA
At this juncture the attorneys did not, as contemplated by the trial judge, present a single judgment in the three consolidated cases conforming with the trial judge’s reasons. Rather, respective counsel for U.S. Fire and the Daspits presented, and had the judge sign, separate judgments on July 15, 1981 and July 17, 1981.
The July 15, 1981 judgment awarded U.S. Fire $75,000.00, plus costs and legal interest against Swann. The July 17, 1981 judgment awarded the Daspits against Swann $105,-000.00, costs and legal interest, and in a separate paragraph it awarded Swann against the Daspits $25,545.18 plus legal interest and attorney fees. This latter judgment did not recite, as it should have, that $75,000.00 of the $105,-000.00 Daspit award belonged to U.S. Fire.
As a result of the signing of the two judgments as presented, in the latter of which the $105,000.00 Daspit award was not made subject to credit for U.S. Fire’s $75,000.00 entitlement, Swann was cast in judgment for $75,-000.00 more than was intended by the trial judge in his written reasons.
Counsel for Swann chose not to have the judgments corrected by way of a motion for new trial, but instead, chose to seek relief by way of appeal. Accordingly, on August 7, *614 1981, counsel for Swann filed a petition and order for suspensive appeal. This petition was captioned and numbered exactly like the trial court’s reasons for judgment, that is, No. 54,-668, “James E. Daspit and his wife, Janet S. Daspit, d/b/a Swann Supply v. Ellen Tooley Swann, widow of Francis E. Swann, Individually, and as Administratrix of the Succession of Francis E. Swann.”