CALOGERO, Chief Justice,
concurring in denial of writ.
The defendant’s motion was filed under LSA-C.C.P. Art. 1561, which provides for consolidation of two or more separate suits involving common issues of law or fact in the same court. This is a procedural device which allows a trial court to deal with similar issues of law or fact in one trial; it does not merge the parties, affect the running of delays, or authorize consolidation of judgments or appeals. St. Pe v. Neal, 534 So.2d 993 (La.App. 4 Cir.1988); Howard v. Hercules-Gallion Co., 417 So.2d 508 (La.App. 3 Cir.1982); Marcotte v. Travelers Ins. Co., 236 So.2d 587 (La.App. 1 Cir.1970), aff’d, 258 La. 989, 249 So.2d 105 (1971); Burke v. State Farm Mut. Auto. Ins. Co., 234 So.2d 432 (La.App. 2 Cir.1970); Voth v. American Home Assur. Co., 219 So.2d 236 (La.App. 4 Cir.1969). Contrast LSA-C.C.P. Arts. 461-465 (“cumulation of actions”).
*682 In this case the defendant has merely moved to “consolidate” trial of two lawsuits presenting factually and legally similar, if not identical, issues in different divisions of the same civil district court. The Ely class’s objections are not well-founded because “consolidation,” unlike “cumulation,” of their action will not result in the rendering of a single judgment, thus possibly “diluting” or otherwise prejudicing the Ely class’s claims. Rather, this procedure will only allow the trial court to more efficiently manage the trial of two remarkably similar class action lawsuits. See, however, LSA-C.C.P. Art. 597 (final judgment on the class action “concludes all members of the class”). The court of appeal therefore did not err by ordering that the two actions be consolidated for purposes of trial.