ELLIS, Judge.
Cleveland L. Plain purchased a truck from Mclnnis-Peterson Chevrolet, Inc., on March 26, 1977. Morris Plain co-signed the note and mortgage given in connection therewith. The contract price for the purchase of the vehicle included $630.00 for collision insurance. When giving the insurance information to the finance and insurance manager of Mclnnis-Peterson, Cleveland Plain advised him that he had received one speeding ticket during the three years preceding the sale. The manager telephoned this information to Motors Insurance Corporation, which attempted to verify Mr. Plain’s record of driving violations, but because of the malfunction of a computer was unable to do so. MIC therefore issued a ten-day binder covering Mr. Plain, based on his statement, pending receipt of his driving record. On April 5, 1977, it was found that Mr. Plain had had four moving violations in the preceding three years. As a result, MIC declined the application for insurance.
A notice to this effect was mailed to Mr. Plain at 2658 Badley, Baton Rouge, the address shown on the chattel mortgage. Mr. Plain, whose address was 2658 Bradley, testified that he never received the notice. After learning of the rejection of Mr. Plain’s application, Mclnnis-Peterson, in accordance with the terms of the chattel mortgage, obtained a “single interest” policy, which protected the holder of the chattel mortgage note only, and paid for same with a portion of the $630.00 charged to Mr. Plain for insurance. The balance of the $630.00 was credited to his account.
On November 29, 1977, Mr. Plain was involved in a one-vehicle accident, as a result of which he damaged the truck to such an extent that $3,213.28 would have been necessary to repair it. Mr. Plain testified that it was after the accident when he learned for the first time that he was uninsured.
Thereafter, Cleveland Plain filed this suit against Motors Insurance Corporation, CIM Insurance Corporation, General Motors Acceptance Corporation and Mclnnis-Peterson Chevrolet, Inc., alleging that he had paid the premium for the collision insurance in his name, and was entitled to his policy. He asks for an amount sufficient to repair the vehicle, penalties and attorney’s fees, as well as damages for the loss of use of his truck.
Sometime later, Mclnnis-Peterson filed suit on the note and chattel mortgage, seeking judgment against Cleveland Plain and Morris Plain for the full balance due on the note, plus interest and attorney’s fees, and asking for recognition of its lien and privilege on the vehicle arising from the chattel mortgage.
The two cases were consolidated for trial and, after trial on the merits, judgment was rendered in the first case in favor of defendants, dismissing Cleveland Plain’s suit at his cost, from which judgment Mr. Plain has appealed.
Two specifications of error are made in this case. The first of these reads as follows:
“The Trial Court erred insofar as it failed to find or maintain that MIC did not bear its burden of proof that Plain was notified prior to the date of the accident that his application for dual-interest insurance coverage had been rejected and that $474.00 of the $630.00 was being used to purchase single-interest insurance coverage for the protection of GMAC and that he was due a credit of $156.00 at GMAC; neither did GMAC bear this burden of proof.”
As pointed out above, MIC sent the notice to the address furnished it by Mr. Plain through Mclnnis-Peterson. Mr. Plain admitted to having received his payment book, which had been sent to him at the same address. The important fact in this case is that MIC was not obligated to write insurance for Mr. Plain, and was certainly *1251 justified in the refusal in the light of the false representations on the application and Mr. Plain’s poor driving record. We fail to see what duty MIC owed Mr. Plain, or how they could have done any more than they did.
Mr. Plain also objects to this dismissal of the case as to GMAC. GMAC was in the case as an assignee of the note and mortgage. It was not involved in any of the circumstances surrounding the insurance. There is no basis for liability on the part of GMAC.
Mr. Plain assigns no other errors. The judgment herein is therefore affirmed, at his cost.
AFFIRMED.