ELLIS, Judge.
The facts of this case are fully set forth in our opinion in the case of Plain v. Motors Insurance Corporation, 391 So.2d 1249, (La.App. 1st Cir. 1980) to which reference is made.
Judgment was rendered herein favor of Mclnnis-Peterson, recognizing its lien and privilege against plaintiff’s truck, and ordering that the title of the truck be transferred into the name of Mclnnis-Peterson. From that judgment, Mclnnis-Peterson has appealed.
In his appeal brief in the other consolidated case, Mr. Plain makes various assignments of error which relate to this case. We cannot consider these assignments. Mr. Plain neither appealed nor answered the appeal herein, and the judgment is final as to him. The fact that the two cases were consolidated for trial is of no moment. Darouse v. Mamon 201 So.2d 362 (La.App. 1st Cir. 1967).
The plaintiff herein, Mclnnis-Peterson, prayed for a money judgment for the stipulated balance due on the note and for recognition of its lien and privilege under the mortgage.
The judgment rendered recognized the lien and privilege, but did not award a money judgment. Instead, it ordered title transferred to plaintiff from Mr. Plain. In so ruling, the trial judge was attempting to insure that Mclnnis-Peterson would collect the single interest insurance and that Mr. Plain would have no further liability under the note. Unfortunately, the judgment exceeds the authority of the trial judge, who cannot arbitrarily change title to a chattel from one party to another, particularly in a suit in which no such relief is requested by either party.
It is clear that Mclnnis-Peterson is entitled to judgment on the note and to recognition of its lien and privilege on the truck. Assuming that, thereafter, it executes on the judgment and acquires title to the truck at sheriff’s sale, it would then have a right to the proceeds of the single interest policy. If it should subsequently attempt to levy on Mr. Plain’s property or wages to satisfy any alleged deficiency in the judgment, Mr. Plain may protect his interest in any insurance payment made by a proceeding under Article 2298(2) of the Code of Civil Procedure.
Accordingly, the judgment appealed from is reversed and there will be judgment in favor of Mclnnis-Peterson Chevrolet, Inc., and against Cleveland Plain and Morris Plain, in solido, in the sum of $5,188.53, together with interest thereon at the rate of 14.74% per annum from June 26, 1978, until paid, plus 25 per cent of the principal and interest due as attorney’s fees, and all costs of this proceeding.
It is further decreed that the lien and privilege of Mclnnis-Peterson Chevrolet, Inc. on the following described chattel be recognized and maintained.
“One new 1977 8 cylinder Chevrolet pickup truck, bearing serial number CCS 147A154428.”
REVERSED AND RENDERED.