GAUDIN, Judge.
Appellant is the Department of Public Safety, Office of Motor Vehicles, contending that the trial judge exceeded his authority by granting to appellee Kerry Jones full driving privileges when Jones had petitioned only for a restricted driver’s license.
Jones’ license was suspended for one year pursuant to LSA-R.S. 32:415, the suspension due to terminate on October 6, 1981. His petition in the 24th Judicial District Court sought a restricted permit so he could “... continue his employment...”
A judgment signed June 30, 1981, restored Jones’ “. .. full and complete driving privileges on an unrestricted basis...”
The trial judge apparently was misled by a December 23, 1980, letter from the Department to Jones stating that Jones was not under suspension as of December 6, 1980. On appeal, the Department contends that this letter was inadvertently mailed, and that Jones was in fact then under suspension at the time.
We agree with appellant’s position, noting (1) that the relief given clearly went beyond the petitioner’s prayer[1] and (2) that the record does not indicate that Jones, at the conclusion of a very brief hearing, asked that his pleading be broadened to conform to the evidence, as authorized by LSA-C.C.P. art. 1154.
Therefore, the aforesaid judgment of June 30, 1981, giving Jones full and complete driving privileges must be amended to state that Jones is granted restricted driving privileges, allowing him to operate a motor vehicle only in relationship to his employment. The pleadings and evidence justify such relief.
*547 As a consequence of this amendment, Jones “owes” the State 98 days of restricted driving, i.e., the number of days from June 80, 1981, to October 6, 1981.
The 98-period will commence on February 1, 1983, unless the parties mutually agree on either an earlier or later starting date.
For these reasons, the judgment of the 24th Judicial District Court dated June 30, 1981, is amended whereby Jones is given a restricted driving license permitting him to operate a motor vehicle only in direct association with his employment.
Further, the duration of Jones’ restricted driving shall start on February 1, 1983, unless an earlier or later beginning date is mutually agreed to, and end 98 days thereafter.
AMENDED.

. See McInnis-Peterson Chevrolet, Inc. v. Plain, 391 So.2d 1251 (La.App. 1st Cir.1980); Harrison v. Alombro, 341 So.2d 1165 (La.App. 1st Cir.1976); Ermis v. Government Employees Insurance Co., 305 So.2d 620 (La.App. 4th Cir.1974).